| | |
|---|---|
| 1 | Craig S. Miller (State Bar No. 139682)<br>William S. Weisberg (State Bar No. 146284) |
| 2 | **WEISBERG & MILLER**<br>654 Sacramento Street, Third Floor |
| 3 | San Francisco, California 94111<br>Telephone:   (415) 296-7070 |
|   | Facsimile:    (415) 296-7060 |
| 4 | |
| 5 | Attorneys for Plaintiff<br>Embarcadero Technologies, Inc. |

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

TECH KNOW SYSTEMS, INC.,
  a Montana corporation,

   Plaintiff,

   vs.

NEWBOLD CORPORATION,
  a Virginia Corporation,

   Defendant.

CV 08    1076

**BZ**

**PLAINTIFF'S COMPLAINT**

---

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)
PLAINTIFF'S COMPLAINT

Plaintiff Tech Know Systems, Inc. ("Tech Know Systems") complains of Defendant NewBold Corporation, and alleges:

## I. JURISDICTION

(1)

This Court has jurisdiction pursuant to 28 U.S.C. §1332.

(2)

Both Tech Know Systems and Defendant NewBold stipulated to the jurisdiction of this Court.

## II. VENUE

(3)

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and *Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15 ("[F]orum clause should control absent a strong showing that it should be set aside."]

(4)

Tech Know Systems and NewBold, sophisticated business entities, in paragraph 15(d) of their contract, designed the Northern District of California in San Francisco as a neutral venue for resolving disputes arising from their agreement.

## III. GENERAL ALLEGATIONS

(5)

Tech Know Systems, Inc. ("Tech Know Systems") is the successor in interest to Tech Know Systems, Ltd. Company.

(6)

Tech Know Systems, Inc. is a corporation incorporated in the State of Montana, with a principal place of business in Whitefish, Montana.

//
//
//

Page 1 of 9
Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)
Plaintiff's Complaint

(7)

On information and belief, Defendant NewBold Corporation ("NewBold") is, and at all times mentioned was, a corporation incorporated in the state of Virginia, with a principal place of business at 450 Weaver Street, N.E., Rocky Mount, Virginia 24151.

(8)

Effective January 18, 2002, Tech Know Systems and Defendant NewBold entered into a written license agreement (herein "License Agreement"), a true and correct copy of which is attached hereto as Exhibit A. Exhibit A is not signed because, as of the date this complaint is being written, on information and belief, neither party has located an executed agreement. Exhibit A does not include the exhibits to the License Agreement, which are a part thereof, to protect the confidential information contained in those exhibits.

(9)

Both Tech Know Systems and Defendant NewBold stipulated in paragraph 15(d) of the License Agreement that their License Agreement would be governed pursuant to the law of California.

(10)

Pursuant to the License Agreement, Tech Know Systems licensed its product, JetPCL, to Defendant NewBold, and Defendant NewBold agreed to bundle JetPCL in specified products during the term of the License Agreement. In consideration for using JetPCL, Defendant NewBold promised to pay Tech Know Systems a license fee at the greater of $300.00 for each of NewBold's products sold with JetPCL, or 7% of gross revenue of the sales of such product.

(11)

The alternative of a $300.00 minimum price is intended to discourage companies such as NewBold from licensing JetPCL and then freely distributing products containing JetPCL for which no royalty would be paid otherwise.

//

//

(12)

The written License Agreement erroneously refers to the royalty rate as .7% instead of 7%.

(13)

Tech Know Systems has never entered into a license agreement for a .7% royalty rate.

(14)

Agreeing to a .7% royalty rate would make no business sense because at that *de minimus* rate Tech Know Systems would only have received approximately $12,000.00 over the last 6 years instead of the correct royalty rate of 7% that NewBold paid without any protest or question

(15)

From January 2002, until January 31, 2008, both parties operated (without either party questioning the royalty rate) under the correct term of the License Agreement, *i.e.*, at a 7% royalty rate; with NewBold paying at that rate, and Tech Know Systems accepting payment at that rate.

(16)

On or about, January 31, 2008, Dan Harrison, a vice president of NewBold, informed Joseph Puglielli, president of Tech Know Systems, that NewBold now, after 6 years, contended the correct royalty rate was .7% and not the 7% rate NewBold had paid without protest or question.

(17)

NewBold has demanded that Tech Know Systems refund $109,192.65 that it contends it overpaid, and that it be permitted to continue licensing Tech Know Systems' software at the incorrect rate of .7%.

(18)

After NewBold made its false allegations and threats of legal action, Tech Know Systems discovered that NewBold did make some errors in paying NewBold's royalty fees by, on occasion, paying both $300.00 per unit of NewBold's product and the 7% royalty rate, instead of

Page 3 of 9
Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)
Plaintiff's Complaint

paying only the 7% rate. Those errors resulted in an overpayment of $4,134.00. Although Tech Know Systems has offered to credit the $4,134.00 over payment, NewBold insists that it be paid $109,192.65.

## FIRST CAUSE OF ACTION
### (Breach of Written License Agreement)

(19)

Tech Know Systems incorporates and re-alleges all allegations of all Paragraphs of the General Allegations, as if set out verbatim at length.

(20)

Tech Know Systems performed all conditions, covenants, and promises of the License Agreement that Tech Know Systems was required to perform, except those that Defendant NewBold's actions prevented Tech Know Systems from performing.

(21)

In February 2008, Defendant NewBold breached the License Agreement as alleged above by, *inter alia*,

(a). refusing to pay the 7% royalty rate it had paid without protest for 6 years;

(b). demanded that Tech Know Systems "repay an overpayment" of $109,192.65;

(c). demanding that it pay only .7% royalty rate for its use of JetPCL; and

(d). refusing to comply with its willing stipulation to the jurisdiction of California, with venue in San Francisco, and instead threatening to file suit against Tech Know Systems in Virginia state court.

(22)

As a direct and proximate result of Defendant NewBold's breaches of the License Agreement, Tech Know Systems has been damaged in an amount to be determined according to proof that exceeds the jurisdictional requirements of this Court.

//

//

(23)

Paragraph 15(e) of the License Agreement provides for the payment of attorneys' fees in the event "any legal action" is commenced between the parties, and therefore Tech Know Systems is entitled to reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Reformation)

(24)

Tech Know Systems incorporates and re-alleges all allegations of all Paragraphs of the General Allegations, as if set out verbatim at length.

(25)

Civil Code §1640 provides that, "When, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded."

(26)

On or about January 2002, Tech Know Systems and NewBold entered into the License Agreement whereby the royalty rate was stated as being .7%.

(27)

By reason of mutual mistake the License Agreement did not embody the actual agreement of the parties for NewBold to pay a royalty rate of 7%.

(28)

Tech Know Systems asks the Court to exercise its equitable power under Civil Code §3399, which provides in relevant part: "When, through . . . a mutual mistake of the parties . . . a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

//

//

Page 5 of 9
Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)
Plaintiff's Complaint

1  (29)

2  Paragraph 15(e) of the License Agreement provides for the payment of attorneys' fees in
3  the event "any legal action" is commenced between the parties, and therefore Tech Know
4  Systems is entitled to reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**
**(Declaratory Relief)**

(30)

Tech Know Systems incorporates and re-alleges all allegations of all Paragraphs of the
General Allegations, as if set out verbatim at length.

(31)

This Court has jurisdiction to decide this cause of action under 28 U.S.C. §2201(a), The
Declaratory Judgment Act.

(32)

An actual controversy has arisen and now exists between Tech Know Systems and
NewBold concerning their respective rights and duties under the parties' License Agreement,
*inter alia*, that:

(a). NewBold contends the royalty rate for its use of JetPCL between January 2002
and January 2008 is .7%; and Tech Know Systems contends it is 7%;

(b). NewBold contends it has overpaid Tech Know Systems $109,192.65; and Tech
Know Systems contends NewBold has overpaid $4,134.00; and

(c). NewBold contends it should be permitted to pay future royalties at the rate of .7%;
and Tech Know Systems contends that rate should be 7%.

(33)

Tech Know Systems desires a judicial determination of its rights and duties under the
License Agreement, and a declaration resolving all the parties' disputes relating to the
interpretation and performance of their License Agreement.

//

(34)

A judicial declaration is necessary and appropriate at this time under the circumstances in order that Tech Know Systems may ascertain its rights and duties under the parties' License Agreement.

(35)

Paragraph 15(e) of the License Agreement provides for the payment of attorneys' fees in the event "any legal action" is commenced between the parties, and therefore Tech Know Systems is entitled to reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### [Injunction]

(36)

Tech Know Systems incorporates and re-alleges all allegations of all Paragraphs of the General Allegations, as if set out verbatim at length.

(37)

Defendant NewBold is selling its products bundled with Tech Know Systems' JetPCL without properly paying the 7% royalty rate that it agreed to pay (and now contends it never agreed to pay despite its paying without question or protest at the 7% rate for the last 6 years), thus interfering with Tech Know Systems' legally protectable intellectual property rights and interests.

(38)

Tech Know Systems asks this Court to order Defendant NewBold to immediately cease selling any of its products that Defendant NewBold has already produced that contain JetPCL; to immediately recall all products from the marketplace that contain JetPCL; and to immediately stop bundling JetPCL in any of Defendant NewBold's products currently in production. Tech Know Systems also asks the Court to order Defendant NewBold not to use JetPCL in any manner

//

//

1  whatsoever in any of Defendant NewBold's products now and forevermore, and to return to
2  Tech Know Systems all data and materials in Defendant NewBold's possession related to
3  JetPCL, including but not limited to, object code, manuals, and reports.

(39)

Without an order from the Court, Defendant NewBold will continue for an indefinite period of time to profit from illegally using Tech Know System' JetPCL in Defendant NewBold's products without compensating Tech Know Systems.

(40)

Defendant NewBold's wrongful conduct in using JetPCL to its sole profit without compensation to Tech Know Systems, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Tech Know Systems because it will be impossible for Tech Know Systems to determine the precise amount of damage that Tech Know Systems will suffer if Defendant NewBold's conduct is not restrained, or Tech Know Systems will be forced to institute a multiplicity of suits to obtain adequate compensation for Tech Know System' injuries.

(41)

Tech Know Systems has no adequate remedy at law for the injuries that have been suffered, are currently being suffered, and that are threatened because Tech Know Systems has no way to stop Defendant NewBold from using Tech Know Systems' intellectual property without the Court's exercising its equitable powers, and Tech Know Systems has no way to determine the damages it has suffered because not only is Defendant NewBold in sole possession, custody, and control of all information relating to the sales of its products that are bundled with JetPCL.

//
//
//
//

**WHEREFORE**, Tech Know Systems prays judgment against Defendant NewBold, as follows:

### PRAYER

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For reasonable attorneys' fees as authorized by the parties' License Agreement for causes of action One, Two, and Three;
4. For reformation of the parties' License Agreement to reflect the true and correct intention of the parties;
5. For a declaration of the parties' respective rights under the License Agreement;
6. For issuance of a preliminary injunction, and permanent injunction restraining and enjoining Defendant from using JetPCL in any manner whatsoever;
7. For pre and post judgment interest at the maximum amount allowed by law;
8. For costs of suit incurred in this action; and
9. For such other and further relief as the Court deems necessary and proper.

WEISBERG & MILLER

Dated: February 22, 2008

By: _____
William S. Weisberg,
Attorneys for Plaintiff
Tech Know Systems, Inc.

**EXHIBIT A**

# JETPCL DISTRIBUTION LICENSE AGREEMENT

## SOFTWARE INTEGRATION LICENSE AND DISTRIBUTION AGREEMENT

THIS SOFTWARE INTEGRATION LICENSE AND DISTRIBUTION AGREEMENT ("Agreement") is entered into on January 18th, 2002 ("Effective Date") by and between Tech Know Systems, Ltd. Co., a Montana Limited Liability company located at 180 Antler Ridge Road, P.O. Box 548, Whitefish, MT 59937 ("Tech Know Systems"), and NewBold Corporation, a Virginia corporation with its principal offices at 450 Weaver Street, Rocky Mount, VA 24151 ("Licensee").

A. WHEREAS, Tech Know Systems has developed and possesses certain rights, title, and interest to proprietary printer language to bitmap image conversion software known as JetPCL and further described in Exhibit A ("JetPCL"). JetPCL translates and converts data from formats known as Hewlett-Packard ("HP") Printer Control Language ("PCL") versions 4, 5 and 5e to the Microsoft Windows bitmap format (BMP). JetPCL embodies certain concepts (exclusive of AGFA's Intellifont technology), processes, know-how, and techniques which constitute confidential information and trade secrets, which are the sole and exclusive property of Tech Know Systems.

B. WHEREAS, Licensee has developed and now markets a forms print merge software product that includes PCL viewing known as "PatientWorks – Win32 Version" (the "Product"), which is further described as "a print/merge application development platform for eForms in the healthcare industry".

C. WHEREAS, Licensee desires to obtain from Tech Know Systems and Tech Know Systems desires to grant certain nonexclusive rights to integrate the JetPCL software into the Product and market and distribute the Product with the JetPCL software integrated therein, all under the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the foregoing, the mutual promises hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Term.** The term of this Agreement, including the "Grant of License", shall commence on the Effective Date, and continue for three (3) years (the "Initial Term"), unless earlier terminated pursuant to the provisions herein. After the Initial Term, this Agreement shall automatically renew on an annual basis, unless earlier terminated as provided herein. Notwithstanding the above the term of each sublicense distributed by Licensee to its End Customer shall be a perpetual license to use the JetPCL software in conjunction with Licensee's Product. The term End Customer means a client of Licensee that is licensing the JetPCL software in conjunction with Licensee's Product and has a license agreement with Licensee in a form substantially similar to Exhibit C.

2. **Grant of License**

a. Subject to the terms and conditions of this Agreement, Tech Know Systems hereby grants to Licensee the worldwide, nonexclusive, nontransferable right:

    i. to incorporate JetPCL object code and data files into the Product;

    ii. to manufacture object code copies of the Product that contain the integrated JetPCL object code and data files for which Licensee pays license fees;

    iii. to sublicense JetPCL object code and data files as integrated in the Product, for which Licensee is paid license fees, from distributors and end-users. This right to sublicense applies only to JetPCL object code that is bundled with the Product. Licensee shall have no right hereunder to sublicense JetPCL except when so bundled with the Product. Licensee shall have no right to integrate JetPCL into any hardware product. Licensee shall pay Tech Know Systems the license fees required under Section 3 below, which are calculated according to the number of End Customers licensed to use the Product, whether the End Customer purchases its use license directly from Licensee or from one of Licensee's distributors. If Licensee is unable to obtain from a distributor the full and complete End Customer information required for Licensee to comply with the per user payment and reporting requirements herein, then Licensee may not distribute the Product containing the JetPCL software to such distributor unless and until such distributor enters into a separate agreement directly with Tech Know Systems. Licensee shall ensure that all distribution to End Customers (whether directly from Licensee or through Licensee's distributors) of the Product which incorporates the JetPCL software shall be subject to a written end-user license agreement in a form substantially similar to Exhibit C. Licensee agrees that no version of Product shall have a command line or DLL interface which is accessible by the user of the Product for the purpose of direct JetPCL data conversion. In addition, Licensee agrees that any and all information related to the interfacing of JetPCL software to any other software will not be used for any purpose other than to carry out the terms of this Agreement, and will not be disclosed to any third party individual, corporation or other entity without the prior written consent of Tech Know Systems, and Licensee shall limit its disclosure of such information to its employees having a need to know such information in order to carry out the terms of this Agreement.

b. The license granted herein is nonexclusive. Licensee hereby expressly acknowledges and agrees that this Agreement places no restriction on Tech Know Systems' right to use, market, distribute, license, or sell JetPCL to any third party Tech Know Systems may select in its sole discretion.

c. Except as expressly set forth in this Section, Tech Know Systems reserves all other rights to JetPCL.

d. Licensee acknowledges that JetPCL embodies certain font rendering technology called "Intellifont" and typeface software owned by Agfa Corporation ("Agfa") and licensed to Tech Know Systems for use in software products solely. Licensee further acknowledges with regard to Tech Know Systems' license of Agfa technology:

i. the existence of Tech Know Systems' license from Agfa of its typeface software and rendering software called Intellifont, the existence of Agfa's ownership rights to the same, including the fact that title to Intellifont and the type software does not pass to Licensee;

ii. Intellifont and type software are delivered to Licensee solely for use with JetPCL;

iii. Intellifont and type software are licensed to Tech Know Systems solely for use with software products, and Tech Know Systems and/or Licensee shall have no right to integrate Intellifont and/or type software into a hardware product;

iv. if Licensee desires to integrate Intellifont and/or type software on-board on printer hardware or multifunction hardware that includes printing capability, or with software on a host computer for the purpose of directly generating output on printer hardware or multifunction hardware that includes printing capability, Licensee must enter into an Intellifont and Typeface Software Royalty License Agreement directly with Agfa;

v. Licensee agrees that all distribution and sublicensing by Licensee of the Agfa Intellifont and typeface software shall be as integrated into JetPCL and included with the Product and shall be subject to a sublicense agreement or box-top license in a form substantially similar to Exhibit B attached hereto;

vi. Licensee will not disclose, sublicense, sell, lease or otherwise transfer Intellifont or type software except in accordance with the terms and conditions of this Agreement;

vii. Licensee agrees to include an Agfa promotional piece, if available from Agfa, in all Product packages which contain JetPCL. Agfa will supply the Agfa brochures to Licensee directly;

viii. Licensee agrees to include the Intellifont logo and appropriate AGFA trademark citations for the same on the following Product-related materials where the Product includes JetPCL: the outside of product packaging and in any Product documentation or manual;

ix. Agfa will provide stats of the logo in various sizes, and verbage for the trademark citations. Licensee may contact Tech Know Systems for assistance in obtaining these, as well as for the Agfa contact information for ordering promotional pieces referred to in 2(d)(vii) above.

### 3. License Fees

a. Initial payments. As consideration for the grant of license, on signing of this Agreement Licensee shall pay Tech Know Systems a sum equal to $600 (Six Hundred Dollars) as a non-refundable advance against license fees for an initial supply of JetPCL object licenses. This

advance payment shall be credited against actual license fees incurred and payable (as described below) at a maximum rate of 50% of each payment, until the credit is exhausted.

   b. Pricing

      i. For the duration of the term of this Agreement, the Licensee agrees to bundle and sublicense JetPCL with all shipments of the existing and future versions of the Product.

      ii. For the duration of the term of this Agreement, the license fee will be based upon the quarterly unit shipment volume of Product to End Customers by Licensee or Licensee's distributors. The fee payable by Licensee to Tech Know Systems for each unit of Product sold to each End Customer, whether sold directly by Licensee to the End Customer or indirectly through a Licensee distributor, will be the greater of either $300 (Three Hundred Dollars) or 0.7 % (Seven Tenths of a Percent) of the gross revenue from the sale of Product.

   c. Payment and Reporting Requirements. A License Fee Statement showing, for each calendar quarter (Jan. - Mar., Apr. - Jun., Jul. - Sep., and Oct. - Dec.), the number and specific type and version of Product units shipped to each End Customer (whether sold directly by Licensee to the End Customer or indirectly through a Licensee distributor), the gross sales revenue (i.e. sale price) received by Licensee per unit, and a detailed calculation of the license fees due, in a form acceptable to Tech Know Systems (the "License Fee Statement"), along with the total license fee payment due, will be sent to Tech Know Systems no later than 30 days after the end of each quarter, whether or not any units of the Product were sold during the quarter. The first License Fee Statement and payment will be due no later than 30 days after the end of the first calendar quarter in which Product is first shipped. License Fee payments that are more than 30 days overdue will accrue compounded interest at the rate of 1.5% per month or any portion of a month.

### 4. Right of Audit

   a. Books of Account: Licensee shall keep at its principal place of business complete and accurate records and books of account relating to the delivery and sale of the Product and all uses of JetPCL and related product sales. Such records shall include: date of shipment, serial numbers, invoice number, customer names and addresses, and all other information necessary to determine the correctness of the license fee payments due Tech Know Systems pursuant to the Section above on "License Fees".

   b. Right of Audit: Tech Know Systems shall have the right to retain an independent accounting firm to enter Licensee's premises for purposes of auditing all books of accounts, documents, records and files relating to the Product sales or any products including or incorporating JetPCL, upon reasonable notice and during Licensee's normal business hours. Tech Know Systems shall bear the expense of such audit unless it reveals that the license fees paid by Licensee are more than 5% less than what should have been paid by Licensee or the use or sale of JetPCL by Licensee beyond the scope of the license set forth herein or otherwise authorized by

Tech Know System. In such event, the cost of the audit shall be borne by Licensee, and Licensee shall immediately pay Tech Know Systems for past due license fees as well as interest on such license fees at the maximum rate allowed by law. Except in the event of litigation, arbitration or an underpayment by Licensee, Tech Know Systems will cause an audit to be performed no more than once per year.

5. **Competitive Development.** In consideration of the benefits provided in this Agreement, Licensee certifies and agrees that it will not engage in development, funding of development, or marketing of any product competitive with JetPCL while this Agreement is in force. Licensee further certifies that it will not attempt to reverse engineer any portion of JetPCL while this Agreement is in force or anytime thereafter.

6. **Confidentiality and Trade Secrets**

   a. The parties shall not disclose any information designated as confidential by the other party to any third party individual, corporation, or other entity without the prior written consent of the discloser, and shall limit its disclosure to its employees having a need to know such information. The receiving party shall protect the disclosed confidential information with the same degree of care (but no less than a reasonable degree of care) to prevent the unauthorized dissemination or publication of the confidential information as the receiving party uses to protect its own confidential information of a like nature. The parties acknowledge and agree that the terms of this Agreement shall be considered confidential and subject to these nondisclosure obligations. These nondisclosure obligations shall terminate five (5) years after the termination of this Agreement.

   b. The obligations in this Section on confidentiality will not apply to any confidential information which is: (i) available to the public other than by a breach of this Agreement by recipient; (ii) rightfully received by recipient from a third party without confidential limitations; (iii) independently developed by recipient's employees; (iv) known to the recipient prior to first receipt of same from discloser, or (v) hereinafter disclosed by the discloser to a third party without restriction on disclosure.

7. **Sample Licensee Products.** Licensee agrees to ship to Tech Know Systems, at no charge, one sample of each Product which Licensee will be bundling or integrating JetPCL, for internal Tech Know Systems use only.

8. **Unsupported PCL Features.** Licensee understands that JetPCL does not contain support for certain portions of the PCL printer language deemed unimportant by Tech Know Systems. Those unsupported portions of the language are detailed in the attached Exhibit A for the current version of JetPCL.

9. **Copyright Notice.** Licensee agrees to place an attribution notice for Tech Know Systems' copyright for JetPCL in all appropriate Licensee product screen sign-ons and "About" boxes where JetPCL is used, and in product documentation. The notice shall read:

   JetPCL PCL Emulation Software © 1990-2002 Tech Know Systems, Ltd. Co., All rights reserved.

In addition, Licensee shall not alter or remove any notices, legends or other legal markings on any copy of JetPCL or the documentation thereto.

10. **Service Responsibilities.** Tech Know Systems agrees to use commercially reasonable efforts to correct all operational defects in JetPCL of which it receives written notice from Licensee. Such notice shall provide the information and files necessary to recreate the problem. Tech Know Systems agrees to make reasonable attempts to give an initial response to such reports within 30 working days of the report. Tech Know Systems shall not, under any circumstances, be required to solve any problems reported.

11. **Disclaimer of Warranty; Limitation of Liability**

   a. Licensee acknowledges that it has had an opportunity to test JetPCL and that it performs to the standards acceptable for its intended use. AS SUCH, JETPCL IS SOLD ON AN "AS IS" BASIS AND ALL WARRANTIES, INCLUDING AND WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE EXPRESSLY DISCLAIMED.

   b. TECH KNOW SYSTEMS SHALL NOT, UNDER ANY CIRCUMSTANCES, BE LIABLE TO LICENSEE FOR CONSEQUENTIAL, INCIDENTAL, SPECIAL OR EXEMPLARY DAMAGES ARISING OUT OF OR RELATED TO THE TRANSACTIONS CONTEMPLATED HEREUNDER, EVEN IF TECH KNOW SYSTEMS IS APPRISED OF THE LIKELIHOOD OF SUCH DAMAGES OCCURRING. IN NO EVENT WILL TECH KNOW SYSTEMS' LIABILITY EXCEED THE TOTAL OF ALL AMOUNTS PAID HEREUNDER AS LICENSE FEES TO TECH KNOW SYSTEMS.

12. **Indemnity.** Tech Know Systems agrees to indemnify and hold Licensee harmless against and from all liabilities and claims arising from United States patent, trademark, trade secret or copyright infringements arising out of the use of the JetPCL software alone and unmodified, provided that Licensee markets the Product under its own name and not the name JetPCL, and provided that Licensee is not in breach of this Agreement. Licensee agrees to indemnify and hold Tech Know Systems harmless against and from all liabilities and claims arising from (1) patent, trademark, trade secret or copyright infringements by the use or advertising of Licensee's Products with JetPCL software; (2) changes, additions to or deletions from JetPCL made by Licensee; and (3) end-users dissatisfaction with Licensee's product(s) or any part thereof.

13. **Termination**

   a. If either party commits any material breach of this Agreement, the other party will have the right to terminate this Agreement by written notice unless the breaching party remedies such breach within sixty (60) calendar days after receiving written notice from the non breaching party describing such breach in detail.

   b. Notwithstanding the above paragraph 13(a), if Licensee fails to make any payment when due, Tech Know Systems will have the right to terminate this Agreement by written notice unless Licensee fully remedies such breach within thirty (30) calendar days of when such payment was due.

   c. Either party may terminate this Agreement immediately if the other party ceases conducting business in the normal course, becomes insolvent, makes a general assignment for the benefit of creditors, suffers or permits the appointment of a receiver for its business or assets, avails itself of or becomes subject to any petition or proceeding under any statute of any state or country relating to insolvency or the protection of the rights of creditors, or any other insolvency or bankruptcy proceeding or other similar proceeding for the settlement of the other party's debt is instituted.

   d. This Agreement may be terminated by either party, with or without cause, upon ninety (90) days written notice, at any time after completion of an Initial Term of the contract (defined in the Section on "Term" above).

   e. Upon termination of this Agreement for any reason, Licensee will cease manufacturing and distribution of JetPCL and all products which contain or otherwise bundle JetPCL and shall destroy all copies of JetPCL and products containing JetPCL technology in inventory. Notwithstanding the above, Licensee may permit sublicenses previously granted to end-users and paid for according to the License Fees herein, to remain in effect.

14. **Assignment.** Licensee shall not have the right to assign or otherwise transfer its rights or obligations under this Agreement except with the prior written consent of Tech Know Systems.

15. **General Provisions:**

   a. This Agreement constitutes the entire understanding between Tech Know Systems and Licensee with respect to the subject matter hereof and supersedes any and all prior agreements, oral or written, and may be amended or modified only by a written instrument signed by the parties hereto.

   b. Licensee is a licensee under this Agreement, not an agent.

   c. Failure of either party to exercise any rights granted herein shall not be deemed a waiver of such rights.

   d. This Agreement shall be construed and enforced in accordance with the laws of the state of California without regard to its rules governing conflicts of laws. If any provision is held invalid, illegal, or unenforceable, the validity of the remaining provisions shall not be impaired. The parties agree that any arbitration or litigation to resolve any dispute arising under this

Agreement shall take place in San Francisco, California; and each party to this Agreement hereby submits to the jurisdiction of the courts of the State of California and to the federal courts of the U.S. for the Northern District of California, both located in San Francisco, California.

    e. In the event of any legal action, including arbitration, the prevailing party shall be entitled to recover its reasonable attorneys fees, costs and expenses incurred in such action.

    f. The provisions of Sections 3, 4, 5, 6, 11 and 15 shall survive the termination of this Agreement.

    g. Notices required under this Agreement shall be sent certified mail to the parties at the addresses set forth above. Notices shall be deemed received seven (7) days after being deposited in return receipt requested certified mail.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the Effective Date.

| **Tech Know Systems, Ltd. Co.** | **NewBold Corporation** |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |