PETER L. LEVY SBN 25080
465 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 391-5270
Facsimile:  (415) 391- 5210

LYMAN G. LEA SBN 33887
HAINES & LEA, LLP
465 California Street, Suite 200
San Francisco, California 94104
Telephone:     (415) 981-1050
Facsimile:      (415) 981-0440

Attorneys for Defendant
NewBold Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation, | CASE NO.:    CV 08 1076 BZ |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS AND POINTS AND AUTHORITIES |
| vs. | Date of Hearing:  May 7, 2008 |
| NEWBOLD CORPORATION, a Virginia Corporation, | Time of Hearing:  10:00 a. m. |
| | Courtroom No: G (15th Floor) |
| Defendant. | |

To all Parties and their attorneys of record:

Please take notice that on May 7, 2008, at 10:00 a.m. or as soon thereafter as the Parties may be heard, Defendant NewBold Corporation ('NewBold'), will move this court, at the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California, Courtroom Number G, through the undersigned attorneys, for dismissal of the original complaint of Tech Know Corporation, Plaintiff, on the ground that this court lacks jurisdiction over the Parties and the subject matter of the claims set forth in the complaint in that the contract sued upon, providing

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

1   for venue in this District, was never executed or agreed to.  Plaintiff is a Montana Corporation and

2   defendant is a Virginia Corporation; neither party has done business with the other in California.

3   None of the transactions between these parties relate to California.  Neither Party to this suit is a

4   resident of this District, and as a result, this court lacks subject matter jurisdiction in this case, and

5   must dismiss the Plaintiff's action.

6        Prior to filing this motion counsel for Defendant attempted to resolve these issues with

7   counsel for Plaintiff, but was unable to do so.

8        This motion is based on this Notice of Motion and Motion, the accompanying Declaration

9   of Frank Canestrari ('Canestrari Decl.') and the within Memorandum of Points and Authorities

10  and the papers and pleadings on file in this action.

11       Wherefore, Defendant requests the court to:

12  (1) Dismiss Plaintiff's complaint;

13  (2) Award Defendant's costs of suit, and

14  (3) Award Defendant such other relief to which it may be entitled.

15                    Respectfully submitted,

16                    Peter L. Levy

17                    Haines & Lea, LLP

18                    By /s/Lyman G. Lea

19           Attorneys for Defendant NewBold Corporation.

20

21             MEMORANDUM OF POINTS AND AUTHORITIES

22       The complaint itself admits that Plaintiff does not have an executed contract (Paragraph 8).

23  The Declaration of Frank Canestrari, President of NewBold, makes it clear that to the best of his

24  knowledge the so-called license agreement, attached as Exhibit A to the complaint, was never

25  executed, and no signed agreement can be found.  Since this is a factual attack on the complaint,

26  the court does not accept the allegations of the complaint as true nor will it attach any presumptive

27  truthfulness to Plaintiff's jurisdictional allegations.  Safe Air v. Meyer (9th Cir. 2004) 373 F3rd

28  1035, 1039.  The court weighs the evidence presented and determines the facts in order to evaluate

2

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

whether the court has the power to hear the case.   <u>Sarei v. Rio Tinto</u> (CD Cal 2002) 221 F Supp2nd 1116, 1129.  This Motion to Dismiss should be granted for the following reasons:

1.   The terms of the license agreement were discussed orally, and, to the best of Mr. Canestrari's knowledge, venue was never under consideration.  (Canestrari Decl. para. 3)

2.  NewBold would never have considered that venue was in California. (Canestrari Decl. para 3).

3.  It is illogical that the parties would select California as a venue since (a) Plaintiff is a Montana Corporation; (b) Defendant is a Virginia Corporation.  (Complaint para. 6 and 7); and (c) performance under the agreement was not related to any activity in California; (d) Exhibit A to the complaint, the purported contract, includes all manner of provisions never discussed or considered by the Parties to the best of Mr. Canestrari's knowledge. (Canestrari Decl. para. 3)

4.  Defendant, NewBold, has an established business practice of maintaining archives or files of its signed contracts.  After diligent search NewBold established that it did not have a signed copy of the Exhibit A agreement. (Canestrari Decl. para. 8).

5.  Plaintiff in its complaint admits it does not have a signed copy of the Exhibit A agreement. (Complaint, para. 8)

6.   Both Plaintiff and Defendant are 'sophisticated business entities' as alleged in paragraph 4 of the complaint.  It follows that sophisticated business entities maintain original, executed contracts, dealing with important aspects of their respective businesses.   It is an inescapable conclusion that the Exhibit A license agreement was never executed since: (a) neither party has a signed version and (b) the license agreement covers substantial, material matters never discussed by the Parties.

For the foregoing reasons, the relief requested in the Motion to Dismiss should be granted.

Dated: March 27, 2008                                         Respectfully submitted,

                                                     Peter Levy

                                                     Haines & Lea, LLP

                                                     By /s/Lyman G. Lea

                                                     Attorneys for Defendant NewBold Corporation

1   PETER L. LEVY SBN 25080
    465 California Street, Suite 200
2   San Francisco, California 94104
    Telephone (415) 391-5270
3   Facsimile: (415) 391-5210

4   LYMAN G. LEA [Bar No.:  33887]
    HAINES & LEA, LLP
5   465 California Street, Suite 200
    San Francisco, California 94104
6   Telephone:    (415) 981-1050
    Facsimile:    (415) 981-0440
7
    Attorneys for Defendant
8   NewBold Corporation

9
                UNITED STATES DISTRICT COURT
10
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

13  TECH KNOW SYSTEMS, INC., a Montana      )   CASE NO.:    CV 08 1076 BZ
    Corporation,                             )
14                                           )   DECLARATION OF FRANK
                                             )   CANESTRARI IN SUPPORT OF MOTION
15              Plaintiff,                    )   TO DISMISS
                                             )
16          vs.                              )   Date:  May 7, 2008
                                             )   Time:  10:00 A.M.
17  NEWBOLD CORPORATION, a Virginia          )   Dept:  Courtroom No: G (15th Floor)
    Corporation,                             )
18                                           )
                Defendant.                    )
19  _____ )

20

21          I, Frank Canestrari, declare as follows:

22          1.   I am the President of NewBold Corporation ("NewBold").  NewBold's  main office is

23  located in Rocky Mount, Virginia.  I am over the age of twenty-one, I am competent to testify, and

24  I have personal knowledge of the facts stated herein, including through my interview of current

25  and former NewBold employees.

26          2.    In 2001, NewBold and Tech Know Systems, Ltd., Co., the predecessor to Tech Know

27  Systems, Inc., (hereinafter, collectively, "Tech Know") began negotiations with regard to a

28

---

**DECLARATION OF FRANK CANESTRARI IN SUPPORT OF MOTION TO DISMISS**
**CASE NO.: CV 08 1076 BZ**

software integration license and distribution agreement, whereby NewBold would receive

nonexclusive rights to integrate Tech Know's JetPCL software into NewBold's PatientWorks®

product (hereinafter "the Product" or "Product") and to market and distribute the Product.  Joseph

A. Puglielli, President of Tech Know, negotiated on behalf of Tech Know.

> 3.    In January 2002, NewBold and Tech Know Systems reached agreement on an oral

contract, the essential terms of which were as follows:

- The term of the contract was for three years, unless earlier terminated, and provided for automatic renewal on an annual basis.

- Tech Know Systems granted NewBold the right to incorporate JetPCL object code in data files into the Product, to manufacture object code copies of the Product that contained the integrated JetPCL object code and data files; and to sublicense JetPCL object code and data files as integrated into the Product.

- NewBold would pay Tech Know Systems a quarterly license fee based upon the quarterly value of the Product sold to end customers by NewBold or NewBold's distributors.  The quarterly license fee payable by NewBold to Tech Know Systems for each unit of Product sold to each NewBold customer was to be the greater of either $300 (Three Hundred Dollars) or 0.7% (Seven Tenths of a Percent) of the gross revenue of the sale of the Product by NewBold.

To the best of my knowledge, neither the law of any particular state to govern the

agreement nor the venue to resolve any dispute between the parties was ever discussed or

considered.  In no event would NewBold have agreed to have the laws of the State of California

govern the agreement, and NewBold would not have agreed to have California serve as the venue

to resolve any dispute between the parties because the State of California had nothing to do with

the agreement or the parties' performance under the agreement.

> 4.    To the best of my knowledge, NewBold and Tech Know never entered into a

signed contract reflecting this agreement, as set forth in greater detail below.  Despite the lack of a

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

2

signed contract, the parties began performing on the oral agreement. Tech Know sent its software code to NewBold, and NewBold incorporated it into the Product.

5.      Beginning in 2003, NewBold began to make sales of the Product. Pursuant to the oral agreement, NewBold then began paying the license fee to Tech Know. Because $300 was a sum greater than 0.7% (Seven Tenths of a Percent) of the gross revenue of the sales of the Product, NewBold initially paid Tech Know Systems $300 for the quarterly license fee. At a later date, NewBold mistakenly paid a quarterly license fee of 7% (Seven Percent) of the gross revenue of the sales of the Product. Starting at the close of the fourth quarter of 2004, and continuing thereafter from time to time up through the third quarter of 2007, NewBold mistakenly paid a quarterly license fee of both $300 (Three Hundred Dollars) and 7% (Seven Percent) of the gross revenue of the Product.

6.      It recently came to NewBold's attention that it had been grossly overpaying Tech Know for the license fee for the JetPCL software. Upon learning of this mistake, NewBold requested that Tech Know reimburse NewBold for NewBold's overpayment of the license fee. Tech Know, however, has refused NewBold's request to repay NewBold for the overpayment of the license fee.

7.      After the overpayment came to NewBold's attention, NewBold undertook an investigation into the contractual arrangement with Tech Know. NewBold located in the files of its accounting department an unsigned copy of a purported contract between NewBold and Tech Know, which is the same as the document which Tech Know has attached to the Complaint as Exhibit A. NewBold has searched its files pertaining to the Product and has not located any other copies of a purported written contract between the parties, let alone any signed copies of a purported written contract.

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

3

8.    NewBold maintains a series of corporate filing drawers where it keeps the original signed versions of the various contracts which it enters into as part of its business.  NewBold has searched these corporate files and found that there is not any written contract between NewBold and Tech Know, whether signed or unsigned.  However, it did locate copies of other signed contracts with other parties relating to other facets of the Product.

9.    NewBold has asked Tech Know to produce a signed copy of a contract between the parties, but Tech Know has stated that it cannot find a signed copy to produce to NewBold.

10.    The purported contract which Tech Know attached to the Complaint reflects that the quarterly license fee payable by NewBold to Tech Know for each unit of Product sold to each NewBold customer was to be the greater of either $300 (Three Hundred Dollars) or 0.7% (Seven Tenths of a Percent) of the gross revenue of the sale of the Product.  Tech Know now contends that the agreement between NewBold and Tech Know was that the quarterly license fee was to be the greater of either $300 (Three Hundred Dollars) or 7% (Seven Percent) of the gross revenue of the sale of the Product.  NewBold never would have entered into a contract with Tech Know on those terms because the value of the software licensed from Tech Know was not even close to 7% (Seven Percent) of the gross revenue of the sale of the Product.  Products which are comparable to Tech Know's product now sell for a total price of $495.00 to $995.00.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 21 day of March, 2008 at Rocky Mount, Virginia.

/s/  Frank Canestrari

ATTESTATION OF LYMAN G. LEA   (continues next page)

4

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.  A scanned image of the signature page of the Declaration is attached hereto.

/s/ Lyman G. Lea

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

5

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

9.      NewBold has asked Tech Know to produce a signed copy of a contract between the parties, but Tech Know has stated that it cannot find a signed copy to produce to NewBold.

10.     The purported contract which Tech Know attached to the Complaint reflects that the quarterly license fee payable by NewBold to Tech Know for each unit of Product sold to each NewBold customer was to be the greater of either $300 (Three Hundred Dollars) or 0.7% (Seven Tenths of a Percent) of the gross revenue of the sale of the Product. Tech Know now contends that the agreement between NewBold and Tech Know was that the quarterly license fee was to be the greater of either $300 (Three Hundred Dollars) or 7% (Seven Percent) of the gross revenue of the sale of the Product. NewBold never would have entered into a contract with Tech Know on those terms because the value of the software licensed from Tech Know was not even close to 7% (Seven Percent) of the gross revenue of the sale of the Product. Products which are comparable to Tech Know's product now sell for a total price of $495.00 to $995.00.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 27 day of March, 2008 at Rocky Mount, Virginia.

Frank Canestrari

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200

DECLARATION OF FRANK CANESTRARI IN SUPPORT OF MOTION TO DISMISS
CASE NO.: CV 08 1076 BZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

7

PETER L. LEVY SBN 25080
465 California Street, Suite 200
San Franscisco California 94104
Telephone:    (415) 391 5270
Facsimile:    (415) 391 5210

LYMAN G. LEA SBN 33887
HAINES & LEA, LLP
465 California Street, Suite 200
San Francisco, California 94104
Telephone:    (415) 981-1050
Facsimile:    (415) 981-0440

Attorneys for Defendant
NewBold Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWBOLD CORPORATION, a Virginia Corporation,<br><br>Defendant. | CASE NO.:    CV 08 1076 BZ<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Date of Hearing:  May 7, 2008<br>Time of Hearing:  10:00 A. M.<br>Place of Hearing: Courtroom G, 15th Floor |

This cause came on regularly on May 7, 2008 at 10:00 a.m. on Defendant's Motion to Dismiss duly filed and served in this action.  Defendant NewBold Corporation appeared by and through its counsel, Peter L. Levy and Haines & Lea, LLP, by Peter L Levy, and Plaintiff Tech Know Systems, Inc., appeared through its counsel, Weisberg and Miller.

The Court having considered all of the pleadings before it and being fully advised, the Court concludes that it lacks jurisdiction over the subject matter of this lawsuit.

It is ORDERED that Defendant's Motion to Dismiss is hereby granted and Plaintiff's

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    complaint is hereby dismissed, Defendant to recover its costs of suit.

2    Dated: _____, 2008

3                                            _____

4                                            Bernard Zimmerman

5                                            United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

CASE NO.: CV 08 1076 BZ