Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
**WEISBERG & MILLER**
654 Sacramento Street, Third Floor
San Francisco, California 94111
Telephone:   (415) 296-7070
Facsimile:    (415) 296-7060

Attorneys for Plaintiff
Tech Know Systems, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| TECH KNOW SYSTEMS, INC., Plaintiff, vs. NEWBOLD CORPORATION, Defendant. | Case No. CV 08 1076 BZ<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS<br><br>DATE: May 7, 2008<br>TIME: 10:00 A.M.<br>DEPT: Courtroom G, 15th Floor<br><br>Hon. Bernard Zimmerman, presiding |
|---|---|

### A.   THIS COURT HAS DIVERSITY JURISDICTION.

Defendant argues without citation to authority that this Court does not have subject matter jurisdiction. [Motion, 2:4]. Defendant is incorrect. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

There is no dispute that Plaintiff is a Montana citizen. [Complaint, ¶6 at 1:23-24; Defendant's Motion, 2:1].

There is no dispute that Defendant is a Virginia citizen. [Complaint, ¶7 at 2:2-4' Defendant's Motion, 2:2].

There is no dispute that the amount in controversy is over the $75,000.00 diversity jurisdictional threshold. [Complaint, ¶17 at 3:21-24, alleging $109,192.65]. The amount in controversy is determined from the face of the pleadings. *Pachinger v. MGM*

*Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). The sum claimed by the plaintiff controls so long as the claim is made in good faith. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Defendant does not question the amount in controversy.

Accordingly, all the requirements for diversity jurisdiction in a United States District Court are met. Defendant's real quibble is over venue, but Defendant's venue position is equally without merit.

### B.   VENUE IS IN THIS COURT PURSUANT TO CONTRACT.

Plaintiff routinely has jurisdiction and venue provisions in its contracts similar to the one in paragraph 15(d) of Attachment A to the complaint, which provides in relevant part:

> The parties agree that any arbitration or litigation to resolve any dispute arising under this Agreement shall take place in San Francisco, California; and each party to this Agreement herby submits to the jurisdiction of the courts of the State of California and to the federal courts of the U.S. for the Northern District of California, both located in San Francisco, California.

Plaintiff has located no authority prohibiting such clauses in oral contracts, which Defendant represents to the Court is the type of agreement between the parties.

This clause is clear: venue is in San Francisco in either state or federal court. *See, e.g., First Franklin Fin. Corp. v. Mortgage Academy, Inc.*, 2006 U.S. Dist. LEXIS 76109 at *5 - *6 (ND Cal. 2006), holding that a forum selection clause that required venue to be "*in* Santa Clara County, California," meant that venue was appropriate, "in any court geographically located in Santa Clara County."

A forum selection clause is presumptively valid, and should not be set aside unless the party challenging the clause shows that enforcement would be unreasonable under the circumstances. *See, M/S Bremen v. Zapufa Off-Shore Co.*, 407 U.S. 1, 10; 92 S. Ct. 1907; 32 L.Ed.2d 513 (1972).

//

LAW OFFICES OF WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415•296•7070 FAX 415•296•7060

Although *The Bremen* dealt with an international forum selection clause, its holding is equally applicable to domestic contracts. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984). "*The Bremen* controls suits founded upon diversity jurisdiction." *Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1532 (ND Cal. 1983).

Indeed, so strong is the presumption of validity of a venue selection clause that the Supreme Court held that such clauses should not be enforced only if "[t]rial in the contractual forum will be so gravely difficult and inconvenient that [a party] will for all practical purposes be deprived of [its] day in court." *The Bremen*, 407 U.S. at 18.

The Ninth Circuit adheres to the view that:

> Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties.

*Pelleport Investors, supra*, at 280.

Thus, a court may repudiate a forum selection clause only if: (1) the clause was included as a result of fraud, undue influence, or overreaching; (2) enforcement of the clause will deprive the opposing party of its day in court because of grave inconvenience or unfairness of the selected forum; or (3) public policy strongly favors resolution in the forum in which the suit is brought. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1992).

None of these conditions is present in the instant matter, so the Court should enforce the forum selection clause.

//
//
//
//

### C. VENUE IN A NEUTRAL FORUM IS REASONABLE AND ENFORCEABLE.

"A valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33; 108 S. Ct. 2239; 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring).

There is no dispute that the parties are "sophisticated business entities." [Defendant's points & authorities at 3:17].

Where the contracting parties are sophisticated business entities, it is not unreasonable to designate a neutral forum having no relation to the parties or their dispute. The fact that litigation at the designated forum turns out to be inconvenient to one or the other does not invalidate the choice: "[M]uch that is inconvenient may be reasonable." *Contraves Inc. v. McDonnell Douglas Corp.*, 889 F.Supp. 470, 474 (MD FL 1995) (contract between Pennsylvania and Missouri corporations, calling for performance in Florida, Missouri and China, designated New York as forum for any dispute).

The Supreme Court has held that parties may choose a neutral forum with expertise in subject matter. *The Bremen, supra*, at 17. That is all Plaintiff has done.

There are multiple, valid reasons Plaintiff's selecting San Francisco as the venue (in either California or Federal court) as explained in the accompanying declaration of Joseph A. Puglielli:

(a). California is a neutral forum with expertise in software disputes;

(b). For customers who are not in California, they understand and appreciate that Plaintiff is not requiring litigation/arbitration to occur in Plaintiff's home state of Montana as this eliminates any perception of home town bias. For the same reason, Plaintiff does not want to agree to litigation/arbitration in its customers' home states because that could mean Plaintiff would be subject to multiple jurisdictions with differing laws.

(c). By agreeing to make California the governing law, and have jurisdiction/venue in San Francisco, Plaintiff's contracts are only governed by one state's laws.

(d). Plaintiff does considerable business in California, which reinforces having only California law apply to all its licensing contracts.

(e). Montana courts are not very experienced in high technology issues, and Plaintiff has no customers in Montana.

(f). For Plaintiff's customers located in states other than California (like Defendant in Virginia), both Plaintiff and its customers are equally disadvantaged by having to litigate/arbitrate in the distant forum of California, and that fact acts as an impetus for resolving problems without resorting to litigation/arbitration.

(g). Plaintiff's jurisdiction/venue clause has previously been upheld by San Francisco Superior Court in litigation Plaintiff commenced against a German company, which like Plaintiff, had agreed by contract to jurisdiction/venue in San Francisco. Also, like Plaintiff (and Defendant), the German company did not have any physical presence in California.

Furthermore, in all of Plaintiff's contracts in the last few years, the jurisdiction and venue provisions have been expanded upon from the one agreed to with Defendant to make it crystal clear why courts in San Francisco are selected to resolve disputes:

> The parties have selected this neutral forum where neither party has a business office because of the courts' expertise in handling commercial disputes between companies whose business involves software technology.

¶16(d) of Exhibit A to the Declaration of Joseph Puglielli.

### D. THE FACT THAT THE PARTIES' CONTRACT MAY NOT HAVE BEEN SIGNED IS IRRELEVANT TO ITS ENFORCEABILITY.

The oral agreement called for venue to be in San Francisco. Plaintiff has submitted a supporting declaration from its president, Joseph Puglielli, testifying that Mr. Puglielli negotiated the agreement with NewBold. Mr. Puglielli, who has personal knowledge as a direct participant in the contract negotiations, declares that the parties agreed to venue in San Francisco.

In contrast, Defendant has submitted a declaration from its president, Frank Canestrari, who was not a participant in the contract negotiations, does not state whether he was even employed with NewBold at the time the contract was negotiated,

//
//

Page 5 of 7

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.) Case No. CV 08 1076 BZ
PLAINTIFF'S POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  and has no personal knowledge as to what was agreed between the parties. Mr.
2  Canestrari opines:

> To the best of my knowledge, neither the law of any particular state to govern the agreement nor the venue to resolve any dispute between the parties was ever discussed or considered.

[Canestrari Declaration, 2:18-21].

This same situation occurred in *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 551, 555 (9th Cir. 1991), where the parties submitted conflicting declarations whether they had agreed to an oral venue provision. In *Ferrari*, the District Court failed to consider the opposing declarations, and make a factual determination resolving the dispute so the *Ferrari* court remanded the matter to the District Court to make a credibility determination of the parties.

"Absent some *evidence* submitted by the party opposing enforcement of the forum clause, . . . the provision should be respected as the expressed intent of the parties." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984), (citing, *Bremen*, 407 U.S. at 12-19, 92 S. Ct. at 1914-18).

Furthermore, where the existence of a forum selection clause is in dispute, "in the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

The rules on using declarations as evidence are well known, and were recently summarized succinctly by Judge Hamilton:

> The primary way of providing evidence to the court is by filing a declaration. A declaration is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the declaration is true. Declarations must contain only facts, and may not contain law or argument. Nor may declarations contain statements made by persons other than the person making the declaration. That is,

//
//
//

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415•296•7070 FAX 415•296•7060

the declarant may not report as fact something that another person reported as fact, but which the declarant does not personally know to be true.

*McDonald v. San Francisco Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 81607 at *8 - *9, (ND Cal. 2007).

Here, considering these rules, and the fact that Plaintiff has submitted a declaration from a person involved in negotiating the agreement, and Defendant has submitted a declaration from someone with no personal knowledge of the contract negotiations, the Court should uphold the forum selection clause.

## CONCLUSION

Accordingly, this Court should deny Defendant's motion because Defendant has not submitted evidence to the Court of any of the three issues needed to invalidate a forum selection clause as set forth in *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1992). Without such evidence, the forum selection is presumptively valid and should be enforced. *M/S Bremen v. Zapufa Off-Shore Co.*, 407 U.S. 1, 10; 92 S. Ct. 1907; 32 L.Ed.2d 513 (1972).

Respectfully submitted,
WEISBERG & MILLER

April 16, 2008          By: _____
                            Craig S. Miller,
                            attorneys for Plaintiff

*Tech Know Systems, Inc. v. NewBold Corp.*
USDC Case No. CV 08-1076 BZ

## PROOF OF SERVICE

I, Jerry M. Dumlao, am a Resident of the United States, employed in the City and County of San Francisco, California. I am over the age of 18 and am not a party to the within action. My business address is 654 Sacramento Street, 3rd Floor, San Francisco, CA.

On the date set forth below, I served (a) true and correct copy/copies of the following document(s):

**Plaintiff's Memorandum of Points and Authorities In Opposition To Motion To Dismiss, Declaration of Joseph A. Puglielli in Opposition to Defendant's Motion to Dismiss**

Upon the parties to this action by:

✓ <u>First Class Mail</u> - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

[ ] <u>By Facsimile Transmission</u> - I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following parties at the fax number indicated below.

[ ] <u>Messenger/Courier</u> - I called a professional messenger/courier service with instructions for personal delivery this day to:

[ ] <u>Personal Service</u> - I caused each such envelope to be personally delivered to the office of the addressee by a member of the staff of this law firm on the date last written below.

| |
|---|
| Peter L. Levy, Esq. |
| Lyman G. Lea, Esq. |
| Haines & Levy |
| 465 California Street, Ste. 200 |
| San Francisco, CA 94104 |
| *Atty for Deft – NewBold Corp.* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 16, 2008, at San Francisco, California.

_____
Jerry M. Dumlao