Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
**WEISBERG & MILLER**
654 Sacramento Street, Third Floor
San Francisco, California 94111
Telephone:   (415) 296-7070
Facsimile:    (415) 296-7060

Attorneys for Plaintiff
Tech Know Systems, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NEWBOLD CORPORATION, <br><br> Defendant. | Case No. **CV 08 1076 BZ** <br><br> DECLARATION OF JOSEPH A. PUGLIELLI IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS <br><br> DATE: May 7, 2008 <br> TIME: 10:00 A.M. <br> DEPT: Courtroom G, 15th Floor <br><br> Hon. Bernard Zimmerman, presiding |

I, Joseph A. Puglielli, declare:

1.  I have firsthand personal knowledge of all facts stated in this declaration, and if called as a witness, I could and would testify competently to them under oath.

2.  I am the president of Tech Know Systems, Inc., which is the successor in interest to Tech Know Systems, Ltd. Company.

3.  I founded Tech Know Systems in November of 2000, and have been the president of it ever since.

//

4. Tech Know Systems is incorporated in the State of Montana, with a principal place of business in Whitefish, Montana.

5. Tech Know Systems creates printer control software ("PCL"), and licenses its software to other companies to incorporate into their own software.

6. One of Tech Know Systems' products is JetPCL®, which is used for converting PCL data (HP LaserJet printer data) into electronic document images for viewing, printing, faxing, emailing, archiving, web publishing and other purposes.

7. I am the only person who has ever been authorized to negotiate contracts, approve contract terms, and execute contracts licensing JetPCL® on behalf of Tech Know Systems.

8. In early 2002, I negotiated a contract with NewBold Corporation, for NewBold to license JetPCL® for incorporation with NewBold's then new software product.

9. I never had any negotiations with Frank Canestrari, who submitted a declaration supporting NewBold's motion to dismiss. Indeed, I have never had any communications whatsoever with Mr. Canestrari, and never heard of him until I read his declaration.

10. When I negotiate a contract, I use as standard template the type of document attached to Tech Know Systems' complaint. The agreement reached with Tech Know Systems' customers varies slightly depending on the negotiated payment terms, but almost all of the other terms remain unchanged.

11. One of the routine terms that I negotiate to include in Tech Know Systems' contracts of JetPCL® (like NewBold's contract) is a provision for jurisdiction and venue in any litigation or arbitration to occur in San Francisco in either California state court or Federal court. Rarely have I ever had a customer object to this provision.

//
//

page 2 of 4

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.) Case No. CV 08 1076 BZ
DECLARATION OF PUGLIELLI IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

12. NewBold agreed to jurisdiction and venue in San Francisco as evidenced by the document attached to Tech Know Systems' complaint, and which NewBold admitted they had in their files.

13. I have no recollection of anyone at NewBold ever objecting to having jurisdiction and venue in San Francisco.

14. I have personally checked Tech Know Systems' records and found no email, letter, or other document from NewBold objecting to having jurisdiction and venue in San Francisco.

15. I negotiate San Francisco, California jurisdiction and venue provisions in Tech Know Systems' contracts for the following reasons:

   (a). California, particularly Silicon Valley in Northern California, is a neutral forum with expertise in software disputes;

   (b). For customers who are not located in California, they understand and appreciate that Tech Know Systems is not requiring litigation/arbitration to occur in Tech Know Systems' home state of Montana as this eliminates any perception of home town bias. (My experience is that most businesses require litigation/arbitration in their home states). For the same reason, Tech Know Systems does not want to agree to litigation/arbitration in our customers' home states because that could mean we would be subject to multiple jurisdictions with differing laws.

   (c). By agreeing to make California governing law, and have jurisdiction in San Francisco, Tech Know Systems is only subject to one state's laws and has the certainty of knowing where any disputes will be resolved, and which law will apply.

   (d). Tech Know Systems does considerable business in California so this reinforces having only California law apply to all its contracts.

//

page 3 of 4

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.) Case No. CV 08 1076 BZ
DECLARATION OF PUGLIELLI IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  (e).  I lived in Santa Barbara, California for 12 years and have many business
2       contacts in the state.
3  (f).  Montana courts are not very experienced in high technology issues.
4  (g).  Tech Know Systems has no customers in Montana.
5  (h).  For Tech Know Systems' customers located in states other than California
6       (like NewBold in Virginia), both Tech Know Systems and its customers are
7       equally disadvantaged by having to litigate/arbitrate in the distant forum
8       of California, and that fact acts as an impetus for resolving problems
9       without resorting to litigation/arbitration.
10 (i).  Tech Know Systems' jurisdiction/venue clause has previously been upheld
11      by San Francisco Superior Court in litigation Tech Know Systems'
12      commenced against a German company, which like Tech Know Systems,
13      had agreed by our contract to jurisdiction/venue in San Francisco. Also,
14      like Tech Know Systems (and NewBold), the German company did not
15      have any physical presence in California.
16. Since at least 2003, Tech Know Systems' written contracts contain the same type of jurisdiction/venue provisions that Tech Know Systems and NewBold both agreed to in 2002. However, I have expanded those clauses to more fully explain the reasons for selecting California law and having litigation/arbitration in San Francisco; and to eliminate any possibility of arguing the provisions are permissive; not mandatory. A true and correct copy of the jurisdiction/venue provisions [paragraph 16(d)] that are used in Tech Know Systems' current contracts is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on April 16, 2008, at Whitefish, Montana.

_____
Joseph A. Puglielli

# EXHIBIT A
*Jurisdiction/Venue Provisions*

15. **Assignment.** Licensee shall not have the right to assign or otherwise transfer its rights or obligations under this Agreement except with the prior written consent of Tech Know Systems.

16. **General Provisions:**

    a. This Agreement constitutes the entire understanding between Tech Know Systems and Licensee with respect to the subject matter hereof and supersedes any and all prior agreements, oral or written, and may be amended or modified only by a written instrument signed by the parties hereto.

    b. Licensee is a licensee under this Agreement, not an agent.

    c. Failure of either party to exercise any rights granted herein shall not be deemed a waiver of such rights.

    d. This Agreement shall be construed and enforced in accordance with the laws of the state of California without regard to its rules governing conflicts of laws. If any provision is held invalid, illegal, or unenforceable, the validity of the remaining provisions shall not be impaired. The parties agree that any arbitration or litigation to resolve any dispute arising under this Agreement shall take place in San Francisco, California. Further, the parties stipulate that only the courts of California shall have jurisdiction of any legal action arising between them, that any such action shall take place only in the Superior Court for the City and County of San Fansisco, California (and in no other), and both parties hereby consent to the jurisdiction thereof. The parties have selected this neutral forum where neither party has a business office because of the courts' expertise in handling commercial disputes between companies whose business involves software technology.

    e. In the event of any legal action, including arbitration, the prevailing party shall be entitled to recover its reasonable attorneys fees, costs and expenses incurred in such action.

    f. The provisions of Sections 3, 4, 5, 6, 11, 12, 14(e), 15 and 16 shall survive the termination of this Agreement.

    g. Notices required under this Agreement shall be sent by U.S. certified mail or by internationally recognized courier, with delivery confirmation, to the parties at the addresses set forth above, or such new address as one party may inform the other by due notice. Notices shall be deemed received five (5) days after being sent as set forth above.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the Effective Date, represents and warrants that the signatory of this Agreement is authorized to enter into this Agreement on behalf of NewBold Corporation, a Virginia corporation, and that said individual does hereby execute said authority on behalf of NewBold Corporation.