PETER L. LEVY, Esq. SBN 25080
465 California Street, Suite 200
San Francisco, California 94104
Telephone (415) 391-5270
Facsimile  (415) 391-5210

LYMAN G. LEA SBN 33887
HAINES & LEA, LLP
465 California Street, Suite 200
San Francisco, California 94104
Telephone (415) 981-1050
Facsimile  (415) 981-0440

Attorneys for Defendant
NewBold Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEWBOLD CORPORATION, a Virginia Corporation,<br><br>　　　　Defendant. | CASE NO.:   CV 08 1076 BZ<br><br>REPLY POINTS AND AUTHORITIES OF DEFENDANT NEWBOLD CORPORATION TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS<br><br>Date: May 14, 2008<br>Time: 10:00 A.M.<br>Dept: Courtroom G, 15th Floor<br><br>MAGISTRATE JUDGE BERNARD ZIMMERMAN |

1. <u>The only way that a California court could have venue of this action is if there was an agreement on venue, and there was no such agreement.</u>

　　　　Mr. Chris Joyce, on behalf of NewBold Corporation (NewBold) negotiated with Plaintiff's president, Mr. Puglielli, for a license, and his Declaration is filed herewith.  <u>Mr. Joyce has no recollection of a discussion of venue and would never have agreed to such a provision if it had been discussed.</u>  (Joyce Declaration ¶ 5).  Mr. Puglielli's Declaration skirts this issue and merely states "When I negotiate a contract, I use as a standard template the type of document attached to Tech Know Systems' Complaint." (Puglielli Declaration ¶ 10).  Puglielli's declaration only states what he has done in other cases.  Additionally, because the JetPCL (Plaintiff's product)

**REPLY POINTS AND AUTHORITIES OF DEFENDANT NEWBOLD CORPORATION TO**
**CASE NO.: CV 08 1076 BZ**

"was a very small component in the product" (Joyce Declaration ¶ 6 at line 6), it reinforces the fact that NewBold would not have agreed to a California venue. The only basis for venue in California would be by agreement of the parties which never occurred. (Joyce Declaration ¶ 5); Tech Know's claims to California venue rests on an unsigned agreement. Neither declarant recalls the license agreement ever having been signed nor does either declarant claim to have ever seen a signed copy. Having failed to prove an agreement that venue is in California, Tech Know's complaint must be dismissed.

2. <u>Venue is not Proper in a California Court Because there was no Agreement:</u>

Venue concerns the appropriate District Court in which an action may be filed. <u>National Labor Relations Board v. Line,</u> 50 F. 3rd 311 (5th Cir. 1995). "Venue is necessarily defined as the appropriate District Court to file an action." Venue statutes generally are concerned with convenience; they seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action. <u>Leroy v. Great Western United Corp.</u> 443 U.S. 173, 185, 99. S.Ct. 2710, 61.

3. A. A primary purpose of venue requirements is to protect the defendant against the risk that plaintiff will select an unfair or inconvenient place of trial. <u>Leroy v. Great Western United Corp.</u> 443 U.S. 173, 183-184, 99.S. Ct. 2710.

It is clear that NewBold, being a Virginia corporation, and having its officers and witnesses in Virginia, is presented with an unfair and inconvenient venue when plaintiff selected San Francisco, California.

B. Although there is some controversy, it appears that plaintiff has the burden of proof to establish that venue is proper. "Although there is some disagreement, most courts hold that the plaintiff bears the burden of establishing proper venue." <u>Nissan Motor Co., Ltd. v. Nissan Computer Corp.,</u> 89 F. Lupp 2d 1154, 1161-1162 (C.D. Cal. 2000).

C. Venue is controlled by §1391 of USCA 28. The Venue Code Section essentially limits a Civil Action (where Jurisdiction is based on diversity) to a Judicial district where defendant resides, or a Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred. It is clear and not controverted that neither plaintiff nor defendant are citizens of California nor are there any "events or omissions" giving rise to the claim occurred in California.

D. Plaintiffs' only basis for claiming venue in California is asserting the provisions of an Oral Agreement but, there was no meeting of the minds as to venue (Joyce Declaration ¶ 5).

4. Plaintiffs' Points and Authorities are irrelevant since plaintiffs' entire argument is based on the erroneous assumption) that the parties agreed contractually that San Francisco, California was the proper venue to adjudicate disputes. This is simply untrue (Joyce Declaration ¶ 5). In short, plaintiff's argument rests on assuming that the very issue in controversy has been established in its favor.

There is no written agreement between plaintiff and defendant. The undisputed fact is that neither party has a signed agreement nor does plaintiff assert that Mr. Puglielli has ever seen an executed agreement. (Puglielli Declaration) Plaintiff and defendant acknowledge that neither has a signed copy. (Canestrari and Puglielli Declarations).

5. Conclusion:

Because the limited agreement reached only dealt with the licensing of a minor component of NewBold's product and California is neither the residence of defendant (or plaintiff)

/ / /

/ / /

/ / /

/ / /

3

**REPLY POINTS AND AUTHORITIES OF DEFENDANT NEWBOLD CORPORATION TO**
**CASE NO.: CV 08 1076 BZ**

nor are there any parts of the transaction that relates to California, the Motion to Dismiss should be granted.

A declaration by Peter Levy has also be filed to alert the Court that an action by NewBold against Tech Know has been filed in federal court in Virginia based essentially on the facts set forth in the within California action.

Dated:  April 23, 2008                    /s/Lyman G. Lea

                                   Haines & Lea and Peter L. Levy

                                   Attorneys for NewBold Corp.

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

*Tech Know Systems, Inc. v. NewBold Corp.*
USDC Case No. CV 08-1076 BZ

## PROOF OF SERVICE

I, Lyman G. Lea, am a Resident of the United States, employed in the City and County of San Francisco, California. I am over the age of 18 and am not a party to the within action. My business address is 465 California Street, Ste. 200, San Francisco, CA.

On the date set forth below, I served true and correct copies in the above-mentioned action of the following:

**Reply Points and Authorities of Defendant NewBold Corporation, Declaration of Chris Joyce in Support of Motion to Dismiss, Declaration of Peter L. Levy Relating to Motion to Dismiss, and Evidentiary Objections to Declaration of Joseph A. Puglielli**

Upon the parties to this action by :

(x)    <u>First Class Mail</u> -  I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, CA., for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

( )    <u>By Facsimile Transmission</u> - I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following parties at the fax number indicated below.

( )    <u>Messenger/Courier</u> – I called a professional messenger/courier service with instructions for personal delivery this day to:

( )    <u>Personal Service</u> -  I caused such envelope, containing the above copies of documents, to be personally delivered to the office of the following addressee on the date last written below:

Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
Weisberg & Miller
654 Sacramento Street, Third Floor
San Francisco, CA   94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 23 , 2008, at San Francisco, California.

    /s/ Lyman G. Lea
Lyman G. Lea

**REPLY POINTS AND AUTHORITIES OF DEFENDANT NEWBOLD CORPORATION TO**
**CASE NO.: CV 08 1076 BZ**

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

PETER L. LEVY SBN 25080
465 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 391-5270
Facsimile:  (415) 391- 5210

LYMAN G. LEA SBN 33887
HAINES & LEA, LLP
465 California Street, Suite 200
San Francisco, California 94104
Telephone:    (415) 981-1050
Facsimile:     (415) 981-0440

Attorneys for Defendant
NewBold Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>NEWBOLD CORPORATION, a Virginia Corporation,<br><br>            Defendant. | CASE NO.:    CV 08 1076 BZ<br><br>DECLARATION OF CHRIS JOYCE IN SUPPORT OF DEFENDANT NEWBOLD'S MOTION TO DISMISS<br><br>Date: May 14, 2008<br>Time: 10:00 A.M.<br>Dept: Courtroom G, 15th Floor<br>Judge: HONORABLE MAGISTRATE JUDGE BERNARD ZIMMERMAN |

I, Chris Joyce, declare as follows:

   1. I am the President of Logical Progression Group, Inc., a software development firm in Cary, North Carolina.  I am over the age of twenty-one, I am competent to testify, and I have personal knowledge of the facts stated herein.

   2. From 2001 to 2005, I was employed by NewBold Corporation ('NewBold') as the Director of Software Development.

   3. In 2001-02, I was involved in the development of a new NewBold product which is now known as Patient Works® (hereinafter 'the Product' or 'Product'.)  On behalf of NewBold, I

conducted negotiations with Joseph A. Puglielli of Tech Know Systems, Ltd., Co., the predecessor to Tech Know Systems, Inc., (hereinafter, collectively, 'Tech Know') with regard to a software integration license and distribution agreement, whereby NewBold would receive nonexclusive rights to integrate Tech Know's JetPCL software into NewBold's product and to market and distribute the Product. I do not recall anyone else from NewBold being involved in the negotiations with Tech Know.

In January 2002, Mr. Puglielli (for Tech Know Systems) and I (for NewBold) reached an oral agreement on the essential terms of the contract, which were as follows:

- The term of the contract was for three years, unless earlier terminated, and provided for automatic renewal on a annual basis.

- Tech Know Systems granted NewBold the right to incorporate JetPCL object code in data files into the Product, to manufacture object code copies of the Product that contained the integrated JetPCL object code and data files; and to sublicense JetPCL object code and data files as integrated into the Product.

- NewBold would pay Tech Know Systems a quarterly license fee based upon the quarterly value of the Product sold to end customers by NewBold or NewBold's distributors. The quarterly license fee payable by NewBold to Tech Know Systems for each unit of Product sold to each NewBold customer was to be the greater of either $300 (Three Hundred Dollars) or 0.7% (Seven Tenths of a Percent) of the gross revenue of the sale of the Product by NewBold.

5.  I have no recollection of discussing with Mr. Puglielli any provisions regarding the law of any particular state which would govern the agreement nor any provisions regarding the venue to resolve any dispute between the parties. The agreement had no relationship to the State of California and I would not have agreed to such provisions if they had been discussed.

6. I understand that Tech Know now contends that the agreement between NewBold and Tech Know was that the quarterly license fee was to be the greater of either $300 (Three Hundred Dollars) or 7% (Seven Percent) of the gross revenue of the sale of the Product. I would not have entered into a contract with Tech Know on those terms because the value of the software licensed from Tech Know was not even close to 7% (Seven Percent) of the gross revenue of the sale of the Product. JetPCL was a very small component in the Product. I recall discussing with Mr. Puglielli whether it was fair for NewBold to have to pay anything for a license because it was such a small part of the Product.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 18th day of April, 2008 at Cary, North Carolina.

/s/ Christopher Joyce

Chris Joyce

3

**DECLARATION OF CHRIS JOYCE IN SUPPORT OF MOTION TO DISMISS**
**CASE NO.: CV 08 1076 BZ**

| | |
|---|---|
| 1 | PETER L. LEVY SBN 25080 |
|   | 465 California Street, Suite 200 |
| 2 | San Francisco, CA 94104 |
|   | Telephone: (415) 391-5270 |
| 3 | Facsimile:  (415) 391- 5210 |
| 4 | LYMAN G. LEA SBN 33887 |
|   | HAINES & LEA, LLP |
| 5 | 465 California Street, Suite 200 |
|   | San Francisco, California 94104 |
| 6 | Telephone:    (415) 981-1050 |
|   | Facsimile:     (415) 981-0440 |
| 7 | |
|   | Attorneys for Defendant |
| 8 | NewBold Corporation |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation, | ) ) ) | CASE NO.:    CV 08 1076 BZ |
| Plaintiff, | ) ) ) | DEFENDANT NEWBOLD CORPORATION'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JOSEPH A. PUGLIELLI |
| vs. | ) ) | |
| NEWBOLD CORPORATION, a Virginia Corporation, | ) ) ) | Date: May 14, 2008 Time: 10:00 A.M. |
| Defendant. | ) ) ) ) | Dept: Courtroom G, 15th Floor Judge: HONORABLE MAGISTRATE JUDGE BERNARD ZIMMERMAN |

Defendant, NewBold Corporation ('NewBold') makes the following objections to the Declaration of Joseph A. Puglielli, filed herein in opposition to Defendant's Motion to Dismiss:

1. Paragraph 1 is objected to commencing with the words, 'if called as a witness' to 'oath,' (at line 22, page 1) on the basis that said portion is opinion and is objectionable under Rule 71, Federal Rules of Evidence ('FRE').

2. Paragraph 8 is objected to in its entirety (lines 11-12, page 2) on the basis that said paragraph is an opinion and conclusion and objectionable under Rule 71 FRE.

3. Paragraph 10 is objected to commencing with the words, 'When I negotiate a contract' (lines 18-19, page 2) on the basis of relevancy. Said statement is not relevant under FRE Rule

402.

4. The portion of paragraph 20, commencing with the words, 'The agreement reached' to 'unchanged' (lines 19-21, at page 2) is objected to on basis of opinion and conclusion FRE Rule 71 (no foundation) and lacks relevance. FRE Rule 402. The portion of said paragraph with the words, 'but almost all of the other terms remain unchanged' (line 21, page 2) is speculation and conclusion. FRE Rule 71.

5. Paragraph 11 of the Declaration is objected to in its entirety as not relevant, FRE Rule 402, and lacks foundation (the statement does not state that the provision (lines 22-25, page 2) was *actually* negotiated and discussed with NewBold. The portion at line 25, page 2, 'Rarely have I ever had a customer object to this Provision' is objected to as irrelevant, FRE Rule 402. The objected to portion is also hearsay, FRE Rule 802.

The Declaration of Mr. Puglielli is clear that he negotiated an *oral* contract, but it was not reduced to writing.

6. Paragraphs 13, 14, and 15 are objected to in their entirety as lacking relevancy, FRE Rule 402; also objected to as opinion and conclusions, FRE Rule 71.

7. Paragraph 16 is objected to as not relevant, FRE, Rule 402. The portion commencing with the words, 'Jurisdiction/venue provisions' to '2002' (at lines 16-18, page 4) are objected to as (a) lacking foundation (no evidence of a written contract, (b) opinion and conclusion, FRE Rule 701.

8. Exhibit A (attached to the Declaration) is objected to because it lacks relevancy since

/ / /

/ / /

/ / /

/ / /

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

1  the agreement is not signed, FRE Rule 402.

2  Dated: April 23, 2008.

                                      Peter L. Levy

                                      Haines & Lea, LLP

                                      By <u>/s/ Lyman G. Lea</u>

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

3

1  PETER L. LEVY SBN 25080
   465 California Street, Suite 200
2  San Francisco, CA 94104
   Telephone: (415) 391-5270
3  Facsimile:  (415) 391- 5210

4  LYMAN G. LEA SBN 33887
   HAINES & LEA, LLP
5  465 California Street, Suite 200
   San Francisco, California 94104
6  Telephone:     (415) 981-1050
   Facsimile:     (415) 981-0440
7
   Attorneys for Defendant
8  NewBold Corporation

9

   UNITED STATES DISTRICT COURT
10
   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12
   TECH KNOW SYSTEMS, INC., a Montana  ) CASE NO.:   CV 08 1076 BZ
13 Corporation,                        )
                                       ) DECLARATION OF PETER L. LEVY
14         Plaintiff,                  ) RELATING TO DEFENDANT'S
                                       ) NEWBOLD'S MOTION TO DISMISS
15     vs.                             )
                                       ) Date: May 14, 2008
16 NEWBOLD CORPORATION, a Virginia     ) Time: 10:00 A.M.
   Corporation,                        ) Dept: Courtroom G, 15th Floor
17                                     ) Judge: HONORABLE MAGISTRATE
           Defendant.                  ) JUDGE BERNARD ZIMMERMAN
18                                     )
                                       )
19

20
   Peter L. Levy declares:
21
       1.  The matters set forth herein are stated based on my personal knowledge.
22
       2.  The general counsel for NewBold Corporation (NewBold), Agnis Chakravorty and
23
   Mathew P. Pritts, of Woods Rogers, PLC, have filed a complaint on behalf of NewBold against
24
   Tech Know Systems, Inc. on March 17, 2008 in the United States District Court for the Western
25
   District of Virginia (Roanoke Division), Number 7:08-CV-00235.  Said complaint sets forth 5
26
   causes of action: (1) breach of contract; (2) declaratory judgment; (3) unjust enrichment; (4)
27
28

conversion and (5) fraud.  The factual basis of the Virginia action is based on the same disputed license agreement which is the basis for Tech Know System's complaint against NewBold in the within California action.

3. An order changing venue to the U. S. District Court, Western District of Virginia may be an appropriate alternative to an order of dismissal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 23rd Day of April 2008.

/s/Peter L. Levy

Peter L. Levy

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104