1  PETER L. LEVY, Esq. SBN 25080
   465 California Street, Suite 200
2  San Francisco, California 94104
   Telephone (415) 391-5270
3  Facsimile  (415) 391-5210

4  LYMAN G. LEA SBN 33887
   HAINES & LEA, LLP
5  465 California Street, Suite 200
   San Francisco, California 94104
6  Telephone (415) 981-1050
   Facsimile  (415) 981-0440
7
   Attorneys for Defendant
8  NewBold Corporation

9                   UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | TECH KNOW SYSTEMS, INC., a Montana ) CASE NO.:   CV 08 1076 BZ
   | Corporation,                      )
13 |                                   ) NEWBOLD'S BRIEF THAT NO
   |           Plaintiff,              ) EVIDENTIARY HEARING IS
14 |                                   ) NECESSARY OR APPROPRIATE
   |   vs.                             )
15 |                                   ) Date: May 14, 2008
   | NEWBOLD CORPORATION, a Virginia   ) Time: 10:00 A.M.
16 | Corporation,                      ) Dept: Courtroom G, 15th Floor
   |                                   )
17 |           Defendant.              ) MAGISTRATE JUDGE BERNARD
   |                                   ) ZIMMERMAN
18 |                                   )

19  1. <u>No Evidentiary Hearing is Necessary or Appropriate.</u>

20        In this case the facts, as they bear on venue and Jurisdiction, <u>are not in dispute</u>, in

21  contrast to the facts in *Data Disc, Inc. v. Systems Tech Assoc., Inc*., 557 F2d 1280.  (Sometimes

22  'the *Data Case'*)  In the instant case the Court has before it two declarations on behalf of

23  NewBold Corporation ("NewBold") and one on behalf of Tech Know Systems, Inc. ("Tech

24  Know").  A comparison of these declarations and the pleadings shows that all parties agree on the

25  following facts governing jurisdiction and venue:

26        A. Tech Know is a Montana Corporation.  Puglielli Decl. 2: 1-3, Par. 4.

27        B. NewBold is a Virginia Corporation.  Canestrari Decl. 1: 22-26, Par. 1.

C.  Neither party has a signed contract.  Canestrari Decl. 2: 26-27; 4: 7-9, Par. 9. Complaint Par. 8 at page 2.

D.  None of the declarants: Canestrari, Joyce, nor Puglielli assert that they ever saw a signed contract between the parties.  See their respective declarations.

E.  Neither party claims that there is any basis for California venue based on any activity in California since there was absolutely no contact with California.  See: declarations. Tech Know's assertion that venue was agreed to is based on what Puglielli "routinely does" (Puglielli Decl. 2: 22-24, Par. 11) in negotiating license agreements.  Puglielli does not assert that he specifically recalls negotiating venue provisions with NewBold.  Puglielli asserts in Par. 12 of his declaration that NewBold allegedly agreed to the venue provision because NewBold had a copy (unsigned) in its file.  This flawed reasoning cannot be considered for the reason stated in the *Data Case*.  The Court states that conflicting affidavits cannot be weighed in order to resolve disputed issues "Except in those rare cases where the facts alleged in an affidavit are inherently incredible. . . ." at Page 1284 of 557 F2d 1280, *supra*.  It is obviously an error in logic and incredible to assert that an unsigned document in one's file proves it was executed.  The Puglielli declaration cannot be considered in its material statements for the reasons set forth in NewBold's Evidentiary Objections filed heretofore.

An Evidentiary Hearing would not elicit any more information bearing on venue than what is already before the Court.  As far as known, neither party can produce additional facts bearing on venue.

2.  <u>Jurisdictional Facts Are Not Intertwined with the Merits of Plaintiff's Case</u>.

Jurisdiction and venue depend on the existence of an agreement to place venue in this Court or other jurisdictional requirements, none of which exist in this case.  Unlike the facts in the *Data Case*, the jurisdictional issues here are not intertwined or even involved in the merits of

2

Plaintiff's case. The gravamen of Plaintiff's case is a dispute over the terms of an oral agreement of whether Plaintiff is entitled to 7% of the price of each product sold by defendant, as plaintiff claims, or .7% of such price, as claimed by defendant. Plaintiff's evidence will presumably consist of testimony and documents relating to this issue, but there is no indication that any of such evidence (as in the Data Disc case) involves or relates to California. Plaintiff's case on the merits will not be prejudiced by requiring plaintiff preliminarily to meet its burden of establishing jurisdiction in this Court. Plaintiff having failed to do so, the case should be dismissed, and Plaintiff may proceed with its claims in an appropriate jurisdiction.

3. The *Data Disc Case* Does Not Apply:

Data Disc ("Data") brought a Diversity Action in California against Systems Technology Associates ("STA") alleging breach of contract and tort actions. The court found that its claims on the merits were so intertwined with the jurisdictional issue that plaintiff would be prejudiced by requiring it to proceed in a preliminary hearing to meet its burden associated with presentation of evidence on jurisdiction. Evidence of negotiations relevant to both jurisdiction and the merits occurred in California—none of which is present in this case. In the *Data Case* the affidavits (re a Motion to Dismiss) were in conflict in many respects. In contrast, in the NewBold Case, the affidavits are not in conflict on the venue issue.

Data had its principal place of business in California. Neither Tech Know nor NewBold have their principal (or any) office in California. In the *Data Case* defendant, STA, had personnel visit California on five different occasions. In the NewBold Case, no activity took place in California.

In the *Data Case* it was undisputed that defendant, STA, supplied one of it's own engineers to work with Data in California. In the NewBold Case no personnel were sent to California.

3

In deciding the issues the Court cannot assume the truth of allegations in a pleading which are contradicted by affidavit. <u>Taylor v. Portland Paramount Corp.</u> 383 F2d 634, 639 (9th Cir. 1967). Therefore it is important to focus on the affidavits in the NewBold Case (after applying the Evidentiary Objections raised by NewBold). When that is done, it is evident that the problems that existed in the Data Case (conflicting affidavits) do not exist in the NewBold Case.

4. <u>The Only Basis for Venue in California Would Be an Executed Agreement by the Parties Stipulating to Such Venue</u>:

As set forth in NewBold's Points and Authorities supporting its Motion to Dismiss, no basis can exist for California venue if there is no agreement by the parties designating California. Tech Know does not claim that NewBold agreed to California venue. Puglielli's declaration carefully skirts that issue and instead states what Puglielli has typically done <u>in other contracts</u>. As Puglielli states in paragraph 11 of his Declaration, 'One of the routine terms that I negotiate to include in Tech Know System's contracts of JETPCL ®(like NewBold's contract) is a provision for jurdiction and venue . . .' What Puglielli did not and cannot state is that NewBold accepted his proposal on venue terms and signed a contract to that effect.

5. <u>Requiring NewBold to Participate in Further Hearings or Trial Offends Traditional Notions of Substantial Justice</u>:

As stated in the *Data Case* at page 1287, "The basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Citing <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 at 316, 66 S. Ct. 154. Whether these minimum contacts exist can be determined without adversely affecting plaintiff's proof of its case on the merits. The court in the *Data Case* stated (at page 1288): 'The degree to which a defendant interjects himself into the state

affects the fairness of subjecting him to jurisdiction.' NewBold did not interject itself at all in California.

5. <u>Conclusion</u>:

The Motion to Dismiss should be determined on the declarations and pleadings without an Evidentiary Hearing.

Dated: May 9, 2008                                        /s/Lyman G. Lea

                                                Haines & Lea and Peter L. Levy
                                                  Attorneys for NewBold Corp.

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

5

**NEWBOLD'S BRIEF THAT NO EVIDENTIARY HEARING IS NECESSSARY**
**CASE NO.: CV 08 1076 BZ**

*Tech Know Systems, Inc. v. NewBold Corp.*
USDC Case No. CV 08-1076 BZ

## PROOF OF SERVICE

I, Lyman G. Lea, am a Resident of the United States, employed in the City and County of San Francisco, California. I am over the age of 18 and am not a party to the within action. My business address is 465 California Street, Ste. 200, San Francisco, CA.

On the date set forth below, I served true and correct copies in the above-mentioned action of the following:

**NewBold's Brief That No Evidentiary Hearing Is Necessary or Appropriate**

Upon the parties to this action by :

(x)  First Class Mail - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, CA., for collection and mailing to the office of the Addressee, set forth below, on the date shown herein following ordinary business practices.

( )  By Facsimile Transmission - I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following parties at the fax number indicated below.

( )  Messenger/Courier – I called a professional messenger/courier service with instructions for personal delivery this day to:

( )  Personal Service - I caused such envelope, containing the above copies of documents, to be personally delivered to the office of the following addressee on the date last written below:

Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
Weisberg & Miller
654 Sacramento Street, Third Floor
San Francisco, CA   94111

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9 , 2008, at San Francisc, California.

/s/ Lyman G. Lea

6

**NEWBOLD'S BRIEF THAT NO EVIDENTIARY HEARING IS NECESSSARY**
**CASE NO.: CV 08 1076 BZ**