Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
**WEISBERG & MILLER**
654 Sacramento Street, Third Floor
San Francisco, California 94111
Telephone:     (415) 296-7070
Facsimile:      (415) 296-7060

Attorneys for Plaintiff
Tech Know Systems, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., | Case No. CV 08 1076 BZ |
| Plaintiff, | PLAINTIFF'S BRIEF REQUESTED BY COURT'S MAY 5, 2008 ORDER |
| vs. | DEPT:   Courtroom G, 15th Floor |
| NEWBOLD CORPORATION, | |
| Defendant. | Hon. Bernard Zimmerman, presiding |

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415•296•7070 FAX 415•296•7060

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO• CA 94111
PHONE 415•296•7070 FAX 415•296•7060

**A.    ARE THE DISPUTED JURISDICTIONAL FACTS SO INTERTWINED WITH THE MERITS THAT THE COURT SHOULD RESOLVE THE ISSUE WITH AN EVIDENTIARY HEARING?**

Preliminarily, this Court has a wide variety of options at its disposal when faced with a motion to dismiss for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285, n.1 (9th Cir. 1977). An evidentiary hearing is only one option because this Court has discretion on how to resolve this matter. *Land* v. *Dollar*, 330 U.S. 731, 735, fn. 4; 67 S. Ct. 1009; 91 L. Ed. 1209 (1947).

**1.    The Court can deny Defendant's motion based on the parties' declarations alone.**

"The standard procedure, of course, is to determine the matter on the basis of affidavits and a pre-trial motion hearing." *Pena v. Valo*, 563 F.Supp. 742, 746 (C.D. Cal 1983). "[I]f a plaintiff's proof is limited to written materials, it is necessary only for these materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc, supra,* 557 F.2d at 1285.

Should the Court follow the standard procedure, and decide the jurisdictional issue only on the parties' submitted declarations, then Plaintiff need only make a *prima facie* showing of jurisdictional facts to defeat Defendant's motion. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002); *Data Disc, Inc. v. Sys. Tech. Assoc., Inc., supr.,* 557 F.2d at 1285, fn. 2.

That Defendant has submitted a declaration contradicting Plaintiff's *prima facie* showing is irrelevant under this option because conflicts between parties over statements contained in affidavits must be resolved in Plaintiff's favor. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.")

Indeed, the Fourth Circuit has further decided that even inferences must be decided in a plaintiff's favor. *Mylan Lab., Inc. v. Akzo*, N.V., 2 F.3d 56, 60 (4th Cir. 1993) [Courts are to //

1  "draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the

2  plaintiff's favor."]

3      When considering the two declarations submitted by Defendant compared to Plaintiff's

4  declaration, the Court should deny Defendant's motion based solely on the declarations and

5  pleadings because:

6    ▪ The declaration by Mr. Canestrari is completely irrelevant. and should be disregarded in
7       its entirety because Mr. Canestrari was not involved in any way in negotiating the parties'
        agreement;

8    ▪ The declaration by Mr. Joyce (who was involved in the negotiations) is not worthy of
9       credence because Mr. Joyce merely states he has "no recollection" of discussing the
        forum/jurisdiction clause of the unexecuted agreement.  In contrast, Mr. Puglielli declares
10      that not only was the jurisdiction/venue an essential term of the parties' agreement, but he
        has the same clause in his company's other contracts for licensing the same software.

11   ▪ Defendant had the unexecuted agreement in its possession the entire time, and claims that
12      the provision for the royalty term and right to use the software is enforceable; but the
        jurisdiction/venue provision in the same document is not.  There is no legal authority for
13      Defendant to pick and choose among the terms of the unexecuted document it admittedly
        had in its possession, and thus admittedly knew of the jurisdiction/venue provision for 6
14      years without ever once disputing it .

15      Furthermore, forum selection clauses are *prima facie* valid and are not set aside unless the

16  party challenging enforcement of such a provision can show it is "unreasonable under the

17  circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).

18  "Unreasonableness" has been narrowly construed to mean the forum selection clause is

19  unreasonable only if, "(1) its incorporation into the contract was the result of fraud, undue

20  influence, or overweening bargaining power. . . (2) the selected forum is so 'gravely difficult and

21  inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in

22  court,' . . . or (3) enforcement of the clause would contravene a strong public policy of the forum

23  in which the suit is brought." *Id.*

24      Because Defendant has not submitted any evidence to establish unreasonableness of the

25  forum selection clause, has shown that it had the unexecuted agreement evidencing the forum

26  selection clause in its possession, and took no action to refute the forum selection clause during a

27  six-year period, Defendant's motion should be denied without holding an evidentiary hearing.

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)  Case No. CV 08 1076 BZ
PLAINTIFF'S BRIEF REQUESTED BY COURT'S MAY 5, 2008 ORDER

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415/296-6070 FAX 415/296-7060

### 2. The Court can optionally require discovery, and then hold an evidentiary hearing on the jurisdictional issue.

If the Court does not wish to decide the matter on the pleadings and declarations of the parties, it has the discretion to permit discovery directed towards pertinent facts bearing on the question of jurisdiction—or discovery to develop a more satisfactory showing of the facts. *Data Disc, Inc. v. Systems Technology Associates, Inc., supra*, 557 F.2d at 1285 fn. 1. [District court's discretion is broad whether to permit or deny discovery, and its decision will not be reversed except "upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."]

Discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Systems Technology Associates, Inc., supra*, 557 F.2d at 1285, fn. 1; *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, at 430 fn. 24 (9th Cir. 1977).

Thus, if the Court does not decide Defendant's motion on the declarations, and is inclined towards conducting an evidentiary hearing, then it should permit discovery before holding such a hearing.

### 3. The Court can take evidence at a preliminary hearing before deciding the jurisdictional issue.

The Court also has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues, where Plaintiff would be required to establish jurisdiction by a preponderance of the evidence. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc., supra*, 557 F.2d 1280 at 1285. Such a preliminary hearing can be held with or without first permitting discovery. *Id.* at fn. 1.

Both parties have represented to the Court that they have already searched their records, and found nothing further bearing on the jurisdictional issue. This leaves the Court with a he-said, he-said situation. However, because a challenge to a forum selection clause requires the court to, "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party" [*Murphy v. Schneider Nat'l., Inc.*, 362 F.3d 1133,

1138 (9th Cir. 2003)], holding an evidentiary hearing would be unnecessary because in a he-said, he-said dispute, the Plaintiff prevails under *Murphy*.

Furthermore, in this particular matter, the issue of jurisdiction is inextricably intertwined with the merits because the issue that will resolve this litigation is whether the unexecuted agreement represents the agreement of the parties.

It is simply not possible to decide separately that the key jurisdiction/venue term was not agreed to; but the disputed .7% term was agreed to. In this situation, the Court should permit discovery on both the jurisdictional issue, and the merits, since the two issues are so intermingled, and then either hold a preliminary evidentiary hearing, or defer the matter to trial.

**B.    SHOULD THE COURT HOLD A PRE-TRIAL EVIDENTIARY HEARING OR DEFER THE JURISDICTION ISSUE TO TRIAL?**

If the Court is not inclined to permit discovery, and then hold an evidentiary hearing, it should determine the jurisdictional issue either at trial, or in a summary judgment motion after permitting discovery. Citing to a long line of cases, the *Data Disc* court held that where jurisdictional facts are intertwined with the merits, "[i]it is preferable that this determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." *Data Disc, Inc. v. Sys. Tech. Assoc., Inc., supra*, 557 F.2d at 1285, fn. 2 & 1289, fn. 6.

More recent cases hold that the "preference" stated above in *Data Disc*, is actually more akin to a requirement. *See, Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ["A court may not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits."]

> However, when ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

*Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987), *internal citations omitted.*

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415•296•7070 FAX 415•296•7060

### C.    THE COURT SHOULD DEFER A DECISION IF IT DOES NOT DECIDE THE MOTION ON THE DECLARATIONS.

There is no question that some type of agreement existed between the parties.  Even if the Court finds that there is no written contract between the parties addressing the issue of venue, the evidence is before the Court confirming the existence of an oral contract between the parties. The evidence is further before the Court, that venue was a provision agreed upon within the oral contract.  This is all that the Court needs to be able to determine the issue of venue in Plaintiff's favor.  If, further evidence is needed, then the Court cannot decide the issue at this time.

If there was no lost executed contract, it seems clear there was an oral contract as all that is required to establish an oral contract is an exchange of promises, supported by consideration. *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030 (9th Cir. 2000). Furthermore, a venue provision can be agreed to as part of an oral contract.  *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.,* 940 F.2d 550, 551, 555 (9th Cir. 1991).

The Court should deny the motion because Plaintiff has made a *prima facie case* by: (1) submitting the unsigned document, contending it evidences the parties' agreement; and (2) Defendant admitting having the document and asserting at least the royalty term in it is valid. If the Court does not deny the motion, then the Court should defer deciding the matter until after discovery because whether the unexecuted document represents the parties' agreement is at the heart of this litigation under *Trentacosta*.[1].

Respectfully submitted,

WEISBERG & MILLER

May 12, 2008                    By:  _____
                                      Craig S. Miller, attorneys for Plaintiff

---

[1] Defendant has informed the Court that it has filed a complaint in U.S. District Court in Virginia, and as an alternative to dismissing this complaint, should transfer it to that court. To the contrary, because the Virginia case was filed after this case (and could have been brought as a cross-complaint to Plaintiff's complaint), the Court should order Defendant to transfer the Virginia case here and consolidate it with Plaintiff's complaint.

Alternatively, the Court should transfer this case to a district court in Montana where Plaintiff is located, and order Defendant to simultaneously transfer the Virginia case there also because if California is not an appropriate venue, then the appropriate venue is Montana. *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 838-39 (9th Cir. 1986).

Tech Know Systems, Inc. v. NewBold Corporation
U.S. Dist. Court (ND Cal.)  Case No. CV 08 1076 BZ
PLAINTIFF'S BRIEF REQUESTED BY COURT'S MAY 5, 2008 ORDER

LAW OFFICES OF
WEISBERG & MILLER
654 SACRAMENTO STREET • THIRD FLOOR • SAN FRANCISCO • CA 94111
PHONE 415•296•7070 FAX 415•296•7060

*Tech Know Systems, Inc. v. NewBold Corp.*
USDC Case No. CV 08-1076 BZ

## PROOF OF SERVICE

I, Jerry M. Dumlao, am a Resident of the United States, employed in the City and County of San Francisco, California. I am over the age of 18 and am not a party to the within action. My business address is 654 Sacramento Street, 3rd Floor, San Francisco, CA.

On the date set forth below, I served (a) true and correct copy/copies of the following document(s):

**Plaintiff's Brief Requested by Court's May 5, 2008 Order**

Upon the parties to this action by:

✓ First Class Mail - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

[ ] By Facsimile Transmission - I caused such document to be served via facsimile electronic equipment transmission (fax) on the parties in this action by transmitting a true copy to the following parties at the fax number indicated below.

[ ] Messenger/Courier - I called a professional messenger/courier service with instructions for personal delivery this day to:

[ ] Personal Service - I caused each such envelope to be personally delivered to the office of the addressee by a member of the staff of this law firm on the date last written below.

| | |
|---|---|
| Peter L. Levy, Esq.<br>Lyman G. Lea, Esq.<br>Haines & Levy<br>465 California Street, Ste. 200<br>San Francisco, CA 94104<br>*Atty for Deft – NewBold Corp.* | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2008, at San Francisco, California.

Jerry M. Dumlao