PETER L. LEVY SBN 25080
465 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 391-5270
Facsimile:  (415) 391- 5210

LYMAN G. LEA SBN 33887
HAINES & LEA, LLP
465 California Street, Suite 200
San Francisco, California 94104
Telephone:    (415) 981-1050
Facsimile:     (415) 981-0440

Attorneys for Defendant
NewBold Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana Corporation, | CASE NO.:   CV 08 1076 BZ |
| Plaintiff, | DEFENDANT NEWBOLD CORPORATION'S CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | Date: AUGUST 25, 2008 |
| NEWBOLD CORPORATION, a Virginia Corporation, | Time: 4:00 p.m. |
| | Dept: Courtroom G, 15th Fl. |
| Defendant. | |

Pursuant to the Court's Second Scheduling Order that the parties submit Case Management Statements, should the case have not settled by August 18, 2008, Defendant NewBold Corporation ('NewBold') submits the following Case Management Statement:

1. <u>Jurisdiction and Service</u>.   There is a Motion to Dismiss this case which is pending before the court with an evidentiary hearing scheduled for September 4, 2008 at 9:00 a.m. Grounds for the motion are that the court lacks jurisdiction over the parties and the subject matter in that the contract sued upon, providing for venue in this court, was never agreed to or executed. Plaintiff, Tech Know Systems Inc. ('Tech Know'), is a Montana corporation, and defendant is a

Virginia corporation; neither party has done business with the other in California, and none of the transactions between the parties, which are the subject of this action, relate to California. The Motion to Dismiss is to be heard should this case not settle as a result of the Settlement Conference to be held before Magistrate Judge Chen on August 19, 2008.

2. <u>Facts</u>. On or about January 18, 2002, the parties entered into an oral agreement whereby Tech Know licensed to NewBold certain proprietary printer language to bitmap image conversion software known as Jet PCL. Although Tech Know evidently sent a proposed written 'Jet PCL Distribution License Agreement' (hereafter sometimes 'Written Agreement') to NewBold, the Written Agreement was never executed or agreed to. The proposed Written Agreement provided in paragraph 3(b) that NewBold was to pay a license fee to Tech Know in an amount of the greater of $300 or seven tenths of one percent (.7%) of gross revenue from the sale of the product.

While the Written Agreement was not executed, NewBold did agree orally to pay Tech Know the greater of $300 or seven tenths of one percent of the gross revenue from the sale of the product in return for a license to use the program. At the commencement of the relationship with Tech Know, NewBold paid $300 because it was a sum greater than seven tenths (0.7%) of its gross revenues from the sale of the product pursuant to the oral agreement. After several payments of .7%, through some accounting error NewBold mistakenly started to pay seven percent (7%) or ten times the agreed upon license fee. At some point, years after the commencement of the license, NewBold discovered its error and asked for an appropriate refund. The over payment is approximately $110,000, constituting NewBold's counterclaim in this matter.

Upon being advised of NewBold's claim, Tech Know asserted that the payment terms detailed in its proposed Written Agreement was an error in that the fee was supposed to be seven percent of gross sales. NewBold asserts that it would never have agreed to a 7% fee because Tech Know's product is a very minor component of NewBold's product. NewBold stopped all payments to Tech Know on the basis that it had grossly overpaid on the license arrangement. After a few non productive discussions between the parties, Tech Know broke off all negotiations and filed suit in San Francisco, California, based on its claim that NewBold had agreed to a

2

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

stipulated venue provision by virtue of the unexecuted Written Agreement. NewBold in turn filed a Motion to Dismiss contending that only price and the software to be licensed had been agreed upon and asserted that the proposed written license agreement correctly reflected the fee of .7%.

Based on the information known to NewBold at this time, the principal factual issues in dispute are: (1) Did the parties agree to the venue provisions in the Written Agreement? (2) Was the license fee .7% of the product sales as set forth in the proposed Written Agreement and orally agreed to by NewBold or 7% of sales as claimed by Tech Know?

3. <u>Legal Issues</u>.  (1) Does the court have jurisdiction in this matter based upon the venue provision in the unexecuted Written Agreement, given the facts that neither party resides in this District and that none of the transactions between the parties relates to California? (2) Is Tech Know entitled to reformation of the proposed, unexecuted Written Agreement to change the license fee from .7% of product sales to 7%? (3) Is either party entitled to attorneys' fees based on a provision in the unexecuted Written Agreement? (4) Is NewBold entitled to damages based on its overpayment of the license fee orally agreed to? (5) Is Tech Know entitled to injunctive relief?

4. <u>Motions</u>.  As set forth above, NewBold has filed a pending Motion to Dismiss for lack of jurisdiction to be heard should this case not settled as a result of the Settlement Conference to be held on August 19, 2008. Anticipated, future motions include NewBold's motion for summary judgment.

5. <u>Amendment of Pleadings</u>.  Because of the pending Motion to Dismiss and Settlement Conference, NewBold has not answered the complaint, and no discovery has been conducted. It is not known at this time the extent to which claims or defenses are to be added or raised in this action.

6. <u>Evidence Preservation</u>.   No steps have been taken at this time to preserve evidence relevant to the issues evident in this action.

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104

7. <u>Disclosures</u>.  So far as known, the parties have met the disclosure requirements of Fed. R. Civ. Proc. 26, including exchange of documentary evidence and copies of correspondence in their respective files.

8. <u>Discovery</u>.  There has been no discovery to date in this matter.  Anticipated discovery will include the deposition of Mr. Puglielli, President of Tech Know who handled negotiations of the license with NewBold.  There may be other discovery as well.

9. <u>Class Actions</u>.  Not Applicable.

10. <u>Related Cases</u>.  NewBold has filed a related action against Tech Know in the United States District Court for the Western District of Virginia, No. 7:08-CV-00235.  NewBold's complaint arises out of the same transaction as described above and states causes of action for: (1) Breach of Contract; (2) Declaratory Judgment; (3) Unjust Enrichment; (4) Conversion; and (5) Fraud.

11. <u>Relief</u>.  Plaintiff's complaint in this action seeks (1) general and special damages in an unstated amount; (2) attorneys fees; (3) reformation of the unexecuted written agreement to reflect the intent of the parties; (4) declaratory relief; (5) a preliminary injunction and permanent injunction restraining NewBold from using the JetPCL in any manner; and (6) costs and other relief as may be proper.

NewBold has not answered the complaint because of the pending Motion to Dismiss and Settlement Conference.  It is anticipated that NewBold's answer will deny the claims of the complaint and will contain a counterclaim for the overpayment of license fees in the amount of approximately $110,000.   The damage claim is based on NewBold's overpayments through an accounting error of 7% of the gross amount of product sales, instead of the agreed fee of .7% of one percent of such sales.

12. <u>Settlement and ADR</u>.  The parties have agreed to attend a Settlement Conference before Magistrate Judge Chen on August 19, 2008, and have provided Judge Chen with their respective settlement conference statements.

13. <u>Consent to Magistrate Judge for All Purposes</u>.  Each party hereto has filed consent to have Magistrate Judge Zimmerman conduct all proceedings, including trial and entry of judgment.

14. <u>Other References</u>.  Because of the pending Motion to Dismiss and Settlement Conference, NewBold cannot determine whether this case is suitable for further reference to arbitration, special master or the like.  Depending upon the disposition of pending proceedings, NewBold will consider a further reference.

15. <u>Narrowing of Issues</u>.  At this time and under the circumstances, NewBold does not know of any issues that can be narrowed by agreement or motion to expedite trial in this matter.  NewBold is not aware of any request that will be made to bifurcate any issues, claims or defenses.

16. <u>Expedited Schedule</u>.  NewBold cannot determine at this, with the pending Motion to Dismiss and Settlement Conference, whether the case can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>.  NewBold believes that it is premature at this time to attempt to propose dates for designation of experts, discovery cutoff, hearing of dispositive motions, pre-trial conferences or trial.

18. <u>Trial</u>.  Should this matter not be settled as a result of the upcoming Settlement Conference, and should trial be necessary, NewBold anticipates at this time that the case would be tried to the court with a trial expected to last for up to 3 days.

19. <u>Disclosure of Non-party Interest Entities or Persons</u>

At this time neither NewBold nor, to the knowledge of defendant, Tech Know has filed a 'Certification of Interested Entities or Persons' required by Civil Local Rule 3-16.  Pursuant to Civil L. R. 3-16, the undersigned certifies on behalf of NewBold that as of this date, other than the

/ / /

5

1  named parties, there is no such interest to report.

3  Dated:  August 18, 2008                                         s/ Lyman G. Lea

4                                                                            Lyman G. Lea

5                                                                  Haines & Lea, LLP and Peter L. Levy
                                                                    Atttorneys for NewBold Corporation

HAINES & LEA, LLP
465 CALIFORNIA STREET
SUITE 200
San Francisco, CA 94104