Craig S. Miller (State Bar No. 139682)
William S. Weisberg (State Bar No. 146284)
**WEISBERG & MILLER**
654 Sacramento Street, Third Floor
San Francisco, California 94111
Telephone:  (415) 296-7070
Facsimile:  (415) 296-7060

Attorneys for Plaintiff
Tech Know Systems, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECH KNOW SYSTEMS, INC., a Montana corporation, Plaintiff, vs. NEWBOLD CORPORATION, a Virginia Corporation, Defendant. | Case No. C08-1076 BZ  **PLAINTIFF TECH KNOW SYSTEMS, INC. CASE MANAGEMENT CONFERENCE STATEMENT**  Date: August 25, 2008 Time: 4:00 P.M. Dept. Courtroom, G, 15th Floor  Hon. Bernard Zimmerman |

Pursuant to the Court's Second Scheduling Order that the parties submit Case Management Statements by August 18, 2008, plaintiff, Tech Know Systems, Inc. ("Tech Know") submits the following Case Management Statement:

1. <u>Jurisdiction and Service</u>. There is a Motion to Dismiss this case which is pending before the court with an evidentiary hearing scheduled for September 4, 2008 at 9:00 a.m. Grounds for the motion are that the court lacks jurisdiction over the parties. However, the only witness who can testify as to this issue is Mr. Puglielli since he is the only witness with a recollection of this issue.

2. <u>Facts</u>. In early 2002, Mr. Puglielli negotiated a contract with Chris Joyce (who is no longer employed by NewBold, but in 2001 was its Director of Software Development) for NewBold to license JetPCL®, and incorporate it into NewBold's then new software product, PatientWorks®.

It is undisputed that Tech Know provided JetPCL® to NewBold, and that NewBold integrated that software into PatientWorks®. It is undisputed that JetPCL® is still integrated into PatientWorks®. It is also undisputed that NewBold paid Tech Know license fees at a 7% royalty rate from 2002 until early 2008. Both parties have the same unsigned copy of a license agreement in their records.

In approximately January 2008, new personnel at NewBold reviewed this unsigned document and informed Tech Know that the document provided for a .7% royalty rate and not a 7% royalty rate. Thus, NewBold asserted that for the last six years it had been paying too much in license fees. NewBold demanded that Tech Know refund $109,000.00. Tech Know refused.

After receiving New Bold's demand, Tech Know located its own unsigned copy of the document and was surprised to see that that it showed a royalty rate of .7%. Tech Know contends that the .7% rate was an error, and that the correct royalty rate was 7%. For six years, NewBold paid the 7% royalty rate without question; and for six years, Tech Know accepted the 7% royalty rate without question.

Tech Know contends that it was not possible the parties ever agreed to a .7% royalty rate for the following reasons:

(a). First, Tech Know has always believed the Royalty Rate is 7%.

(b). Second, this matter revolves around an oral contract. NewBold has admitted to

the oral contract. Since 2002, NewBold has made payments at 7%. NewBold, through emails acknowledged the rate of 7%. NewBold will not be able to overcome these facts.

(c). Third, such a small amount as .7% would mean NewBold would have paid only approximately $12,000.00 over the last six years, and Tech Know could not survive as a viable business on such minimal royalty rates for its software.

(d). Fourth, Tech Know has never executed a contract licensing JetPCL® for a royalty rate anywhere near as low as .7%. (Tech Know offered to provide copies of all of its contracts to NewBold to prove Tech Know has never agreed to such a low royalty rate if NewBold would sign this Court's standard protective order, but NewBold has declined to do so).

(e). Fifth, after carefully searching all of Tech Know's records, Tech Know has not located any communication whatsoever with anyone at NewBold referring to a .7% royalty rate. However, Tech Know did locate three communications with NewBold referring to a 7% royalty rate: one in July 2003 from Tech Know.

(f). Sixth, Tech Know emailed an Excel spreadsheet to NewBold to use to make quarterly royalty reports on July 1, 2003, that spreadsheet clearly referenced a royalty rate of 7%.

(g). Seventh, until January of 2008, when NewBold suddenly claimed the royalty rate was .7% and claimed it had overpaid Tech Know Systems by more than $100,000.00 during the preceding six-year period, both parties acted as if the royalty rate was 7%. NewBold submitted quarterly royalty reports and paid a 7% royalty rate for the past six years without ever questioning the royalty rate.

(h) Eighth, for part of this six-year period NewBold erroneously made extra $300.00 payments more than the 7% royalty rate, which Tech Know informed New Bold it has credited to NewBold's account within a couple of weeks of receiving information substantiating the overpayment. This overpayment occurred because

NewBold changed the embedded formula in the Excel spreadsheet Tech Know provided to it to calculate the correct royalty rate without informing Tech Know. Because Tech Know relied on NewBold to honestly and accurately calculate the royalty rate based on the sales of its software using the Excel spreadsheet provided to NewBold, Tech Know never questioned the accuracy of the payments—particularly since initially NewBold's software product was new and it was not selling.

Except for the unsigned contract and its unsupported arguments, NewBold has no evidence that the parties ever agreed to a .7% royalty rate. When one considers that NewBold paid 7% for six years without protest and never questioned the communications from Tech Know stating that 7% was the correct royalty rate, it is hard to imagine how NewBold will convince a trier of fact that the correct royalty rate was actually .7%.

Based on information known to Tech Know Systems at this time, the principal factual issues in dispute are: (1) Was the license fee 7% of the product sales as orally agreed to by the parties or .7% as set forth in the proposed Written Agreement? (2) Did the parties agree to the venue provisions in the Written Agreement?

3. <u>Legal Issues:</u> (1) Is Tech Know entitled to 7% of product sales based upon oral agreements? (2) Does the court have jurisdiction in this matter? (3) Is either party entitled to attorneys' fees based on a provision in the unexecuted Written Agreement? (4) Is Tech Know entitle to injunctive relief? (5) Is NewBold entitled to damages based on its overpayment of the license fee as stated in the proposed written agreement?

4. <u>Motions.</u> NewBold has filed a pending Motion to Dismiss for lack of jurisdiction to be hard should this case not settle as a result of the Settlement Conference to be held on August 19, 2008. Anticipated, future motions include Tech Know's motion for summary judgment.

5. <u>Amendment of Pleadings.</u> Because of the pending Motion to Dismiss and Settlement Conference, no discovery has been conducted. It is not know at this time the extent to which claims or defenses are to be added or raised in this action.

6. <u>Evidence Preservation</u>.  No steps have been taken oat this time to preserve evidence relevant to the issues evident in this action.

7. <u>Disclosures</u>.  So far as known, the parties have met the disclosure requirements of Fed. R. Civ. Proc. 26, including exchange of documentary evidence and copies of correspondence in their respective files.

8. <u>Discovery</u>.  There has been no discovery to date in this matter. Anticipated discovery will include the deposition of Mr. Joyce, NewBold's license negotiator who handled negotiations of the license with Tech Know.  There will be other discovery as well.

9. <u>Class Actions</u>.  Not Applicable.

10. <u>Related Cases</u>.  NewBold has filed a related action against Tech Know in the United States District Court for the Western District of Virginia, No. 7:08-CV-00235.  NewBold's complaint arises out of the same transaction as described above and states causes of action for: (1) Breach of Contract; (2) Declaratory Judgment; (3) Unjust Enrichment; (4) Conversion; and (5) Fraud.

11. <u>Relief</u>. Plaintiffs complaint in this action seeks (1) general and special damages in an unstated amount; (2) attorneys fees; (3) reformation of the unexecuted written agreement to reflect the intent of the parties; (4) declaratory relief; (5) a preliminary injunction and permanent injunction restraining NewBold from using the JetPCL in any manner; and (6) costs and other relief as may be proper.

12. <u>Settlement and ADR</u>.  The parties have agreed to attend a Settlement Conference before Magistrate Judge Chen on August 19, 2008, and have provided Judge Chen with their respective settlement conference statements.

13. <u>Consent to Magistrate Judge for All Purposes</u>.  Each party hereto has filed consent to respective Magistrate Judge Zimmerman conduct all proceedings, including trial and entry of judgment.

14. <u>Other References</u>.  Depending upon the disposition of pending proceedings, Tech Know will consider a further reference.

15. <u>Narrowing of Issues</u>.  At this time and under the circumstances, Tech Know does not know of any issues that can be narrowed by agreement or motion to expedite trial in this matter.

<u>Tech Know Systems, Inc. v. NewBold Corporation</u>
U.S. Dist. Court (ND Cal.), Case No. C0-1076 BZ
PLAINTIFF, TECH KNOW SYSTEM'S CASE MANAGEMENT STATEMENT

1 | Tech Know is not aware of any request that will be made to bifurcate any issues, claims or defenses.

2 | 16. <u>Expedited Schedule</u>.  Tech Know cannot determine at this time whether the case can be
3 | handled on an expedited basis with streamlined procedures.

4 | 17. <u>Scheduling</u>.  Tech Know believes that it is premature at this time to attempt to propose
5 | dates for designation of experts, discovery cutoff, hearing of dispositive motions, pre-trial
6 | conferences or trial.

7 | 18. <u>Trial</u>.  Should this matter not be settled as a result of the upcoming Settlement
8 | Conference, and should trial be necessary, Tech Know anticipates 3 – 5 day jury trial.

9 | 19. <u>Disclosure of Non-party Interest Entities or Persons</u>.  At this time neither NewBold nor, to
10 | the knowledge of defendant, Tech Know has filed a 'Certification of Interested Entities or Persons'
11 | required by Civil Local Rule 3-16. Pursuant to Civil L. R. 3-16, the undersigned certifies on behalf of
12 | NewBold that as of this date, other than the lamed parties, there is no such interest to report.

Respectfully submitted,

DATED: August 18, 2008

WEISBERG & MILLER

By _____
Craig S. Miller, attorneys for Plaintiff

1  Tech Know Systems, Inc. v. NewBold Corp.
   USDC Case No. CV 08-1076 BZ

2
## PROOF OF SERVICE
3

4  I, Jerry M. Dumlao, am a Resident of the United States, employed in the City and County of San

5  Francisco, California. I am over the age of 18 and am not a party to the within action. My business

6  address is 654 Sacramento Street, 3rd Floor, San Francisco, CA.

7  On the date set forth below, I served (a) true and correct copy/copies of the following

8  document(s):
   **Plaintiff Tech Know Systems, Inc.'s Case Management Conference Statement**

9
   Upon the parties to this action by:
10

11  ✓  First Class Mail - I caused each such envelope, with first-class postage thereon fully prepaid, to
       be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for
12     collection and mailing to the office of the addressee on the date shown herein following ordinary
       business practices.
13
    [ ] By Facsimile Transmission - I caused such document to be served via facsimile electronic
14      equipment transmission (fax) on the parties in this action by transmitting a true copy to the
        following parties at the fax number indicated below.
15
    [ ] Messenger/Courier - I called a professional messenger/courier service with instructions for
16      personal delivery this day to:

17  [ ] Personal Service - I caused each such envelope to be personally delivered to the office of the
        addressee by a member of the staff of this law firm on the date last written below.
18

19  | Peter L. Levy, Esq. |
    | Lyman G. Lea, Esq. |
20  | Haines & Levy |
    | 465 California Street, Ste. 200 |
21  | San Francisco, CA 94104 |
    | *Atty for Deft – NewBold Corp.* |
22

23  I declare under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct.
24
    Executed on August 18, 2008, at San Francisco, California.
25

26  _____
    Jerry M. Dumlao
27

28